[Filed May 24, 1886.]

# THOMAS MOORHOUSE v. R. W. DONICA AND E. R. COX.

APPEAL FROM JUSTICE'S COURT—MISDESCRIPTION OF JUDGMENT—MOTION TO DISMISS.—A notice of appeal from a Justice's to the Circuit Court describes the judgment appealed from as having been rendered on the twenty-second day of December, when it was in fact rendered on the twenty-second day of November. The respondent appeared, and on his motion the case was continued till the next regular term. *Held*, that even if the defect were such that he might have taken advantage of it, he waived the right by failing to make the objection.

UMATILLA COUNTY. Defendants appeal. Reversed and remanded for trial.

*L. B. Cox*, for Appellant, cited *Lewis* v. *Lewis*, 4 Or. 209; *Christian* v. *Evans*, 5 Id. 253; *Luse* v. *Luse*, 9 Id. 149; *Neppach* v. *Jordan*, ante, p. 246; Code of Oregon, sec. 523; Justice's Code, secs. 69, 72, 76, 77; Session Laws, 1874, p. 63; *Rice* v. *Railroad*, 1 Black, 358; *Thayer* v. *Wendell*, 1 Gall. 37; *Carter* v. *Koshland*, 12 Or. 492; *Wilgus* v. *Gettings*, 19 Iowa, 82.

*Ramsey & Bingham*, for Respondents, cited *Lewis* v. *Lewis*, 4 Or. 209; *Whiteaker* v. *Vanschoiack*, January term, 1873; *Christian* v. *Evans*, 5 Or. 253; *Luse* v. *Luse*, 9 Id. 149.

LORD, J. This is an appeal from the judgment of the Circuit Court dismissing an appeal from a Justice's Court. The defect complained of is that the notice of appeal describes the judgment as rendered on the twenty-second day of December, whereas the transcript shows that it was rendered on the twenty-second day of November. It is manifest from the notice itself, the undertaking filed, and the transcript, that it was a mere clerical over-

sight or mistake, and in no way could have injured or misled the respondent. All the papers and entries in the case seem to have been duly certified to the Circuit Court and filed, and the record discloses that the parties appeared, and that when the case came on regularly to be heard, upon motion of plaintiff and respondent, by his counsel, it was continued until the next term.

It seems to us, if the defect complained of was such that advantage could have been taken of it, the subsequent conduct of the plaintiff waived it. He made no objections to the notice served upon him, or the undertaking, or any other irregularity, if any existed, but appeared, and when the cause was called, interposed no motion to dismiss, or other objection, clearly showing he was there to proceed with the trial, unless for his own accommodation he could procure a continuance, which in fact was granted. The judgment must be reversed and the cause remanded for trial.