### CRAWFORD *v.* WIST.

[S. C. 39 Pac. 218.]

SUFFICIENCY OF NOTICE OF APPEAL.— A notice of appeal which contains no other description of the judgment appealed from than that it was rendered for costs and disbursements in an action between certain parties at a specified term of the circuit court is too indefinite and uncertain, and the appeal will be dismissed.

APPEAL from Tillamook: GEO. H. BURNETT, Judge.

This is an appeal from a judgment of the Circuit Court of the State of Oregon for Tillamook County.   The notice thereof is as follows:—

"In the Circuit Court of the State of Oregon for Tillamook County.   Robert Crawford, plaintiff and appellant, *v.* Γ. G. E. Wist, defendant and respondent.   To E. G. E. Wist, the above named defendant: Take notice that the above named plaintiff hereby appeals from the judgment of the above entitled court, rendered at the August term thereof for eighteen hundred and ninety-three, in the above entitled cause, in favor of defendant and against plaintiff for the costs and disbursements of said action; and on said

appeal plaintiff will rely on the following grounds, to wit."
(Here follows the assignments of error.)

The respondent moves to dismiss the appeal because
the judgment mentioned in the notice is not sufficiently
described therein for identification.

DISMISSED.

*Mr. Chas. W. Fulton,* for the motion.

*Mr. Thos. B. Handley, contra.*

PER CURIAM.  The tendency of the court as indicated
by recent decisions is to construe notices of appeal liber-
ally, and hold them sufficient if by fair construction or
reasonable intendment the court can say that the appeal
is taken from the judgment in a particular case.  But a
notice of appeal like the one in question, which contains
no other description of the judgment than that it was ren-
dered for costs and disbursements in an action between
certain parties at a specified term of the circuit court, and
which does not even state the nature of the action, or con-
tain any references by the aid of which the particular
judgment can be identified, is manifestly so indefinite and
uncertain that the court cannot say that the appeal was
taken in any particular case, for a judgment in any case
between the same parties for costs and disbursements
rendered at any time during the term would satisfy the
description in the notice.  If, therefore, it be conceded
that a judgment rendered on the sixth day of September,
eighteen hundred and ninety-three, was rendered at the
August term of the court, a fact which does not appear
from the transcript, the other defects above mentioned
render the notice ineffectual for the purpose intended.
However liberal a rule we may be inclined to adopt in the
construction of notices of appeal, we cannot dispense with
such a notice as will distinctly make known the judgment

appealed from. It follows that the appeal must be dismissed, and it is so ordered.        DISMISSED.