## DUFFY v. McMAHON.

(47 Pac. 787.)

APPEAL—SUFFICIENCY OF NOTICE.—DESCRIPTION OF JUDGMENT.—A notice of appeal to the Supreme Court describing the judgment as rendered March 2, 1896, for "the sum of $250 and interest, from May 8, 1894, amounting to the sum of —— dollars," is insufficient to support an appeal from a judgment rendered March 3, 1896, for $293 and interest thereon from that date at the rate of ten per cent. per annum: *Crawford* v. *Wist,* 26 Or. 596, distinguished.

From Multnomah:  E. D. SHATTUCK, Judge.

Action by John F. Duffy against M. J. McMahon, and from a judgment for plaintiff the defendant attempted to appeal. Respondents now move to dismiss because the notice of appeal does not describe the judgment in this case.

DISMISSED.

*Mr. Lionel R. Webster,* for the motion.

*Mr. Edward Mendenhall, contra.*

PER CURIAM. This is a motion to dismiss an appeal. The plaintiff, on March 3, 1896, obtained a judgment in the Circuit Court for Multnomah County against the defendants for $293.43, and interest thereon from that date at the rate of ten per cent. per annum, $50 attorneys' fees, and the costs and disbursements of the action, from which the defendants attempted to appeal, but in the notice thereof they describe a judgment as having been given March 2, 1896, for "the sum of two hundred and fifty dollars, and interest from the 8th day of May, 1894,

amounting to the sum of $——; for the sum of fifty dollars attorneys' fees, and for his costs and disbursements." The plaintiff, contending that the notice fails to identify the judgment complained of, moves to dismiss the appeal. The judgment rendered by the court on March 3 provides for interest at the rate of ten per cent. per annum; and, as the statute declares that "judgments and decrees for money upon contracts bearing more than six per centum interest, and not exceeding ten per centum per annum, shall bear the same interest borne by such contracts" (section 3591, Hill's Code), it must be presumed that the judgment complained of was rendered upon a contract bearing ten per cent. interest. The legal rate in this State is eight per cent. per annum on money due or to become due where there is a contract to pay interest and no rate specified (Code, § 3587), and, as the defendants in their notice of appeal described a judgment for $250, with interest from May 8, 1894, amounting to $286.33, it is evident there is a variance between the judgment given by the court and the one described in the notice in the following particulars:  1st. In the date of its rendition; 2d.  In the amount for which the judgment was given; and 3d.  In the rate of interest.  This court in *Crawford* v. *Wist*, 26 Or. 596 (39 Pac. 218), in discussing the sufficiency of a notice of appeal, says:  "The tendency of the court as indicated by recent decisions is to construe notices of appeal liberally, and hold them sufficient if by fair construction or reasonable intendment the court can say that the appeal is taken from the judgment in a particular case."  Even with this very liberal rule as a guide we are unable to say, from an inspection of the notice in the case at bar, that the appeal was taken from the judgment complained of, and, this being so, the appeal will have to be dismissed, and it is so ordered.

DISMISSED.