Decided April 19, 1897.

## ALLEN *v.* BYERLY.

[48 Pac. 474.]

APPEAL FROM JUSTICE'S COURT — SUFFICIENCY OF NOTICE. — A notice of
appeal should be held sufficient if, by fair and reasonable intend-
ment, it can be ascertained therefrom that the appeal is intended
to be taken from the judgment in a particular action: *Crawford* v.
*Wist*, 26 Or. 596, approved.

IDEM. — A notice of appeal from a justice's court giving the title of the
court and cause, the nature of the action, the person for whom
and against whom the judgment was rendered, is sufficient to con-
fer jurisdiction on the circuit court, though the date is not given:
*Morehouse* v. *Donica*, 13 Or. 435, and *State* v. *Hanlon*, 32 Or. 95, fol-
lowed.

From Polk:  GEORGE H. BURNETT, Judge.

Action by I. A. Allen against Leroy Byerly, com-
menced in justice's court. Plaintiff appealed from
a judgment in favor of defendant, and the appeal
was dismissed by the circuit court, from whose
judgment plaintiff appeals.

REVERSED.

For appellant there was a brief over the names
of *William H. Holmes*, and *Daly, Sibley & Eakin*,
with an oral argument by *Mr. Holmes*.

For respondent there was a brief over the name
of *Butler & Townsend*, with an oral argument by
*Mr. N. L. Butler*.

PER CURIAM. This action was tried in a justice's
court of Polk County, resulting in a judgment for
the defendant, whereupon the plaintiff served a
notice of appeal to the circuit court, and filed the

same, together with an undertaking therefor; and, the appeal having been allowed, the transcript was filed with the clerk of the circuit court of said county within the time prescribed by law. Thereafter the defendant, contending that the notice did not sufficiently describe the judgment, moved to dismiss the appeal, and, the motion being allowed, the plaintiff appeals to this court. The only question presented is as to the sufficiency of the notice to give the circuit court jurisdiction. The notice, after setting forth the title of the court and cause, and being directed to the defendant and his attorney, is as follows: "Take notice that the plaintiff appeals from the judgment of the justice's court rendered in the above cause, which said judgment is in the action known as forcible entry and detainer, and in favor of said defendant, and against the plaintiff, from the whole and every part thereof, to the Circuit Court of the County of Polk and State of Oregon." The object of a notice of appeal is to advise the adverse party that the party aggrieved by the judgment intends to appeal therefrom, and this purpose is accomplished when the appellate court can ascertain from an inspection of the notice what particular judgment the appellant complains of. The notice in question gives the title of the court and cause, the nature of the action, the name of the party in favor of and against whom the judgment was rendered, the name of the party appealing, and complies with all the requirements prescribed by this court in *Lewis* v. *Lewis*, 4 Or. 209, except that it fails to give the

day when the judgment was rendered; but this has been held in later decisions to be immaterial when the notice otherwise correctly describes the judgment: *Moorhouse* v. *Donica*, 13 Or. 435 (11 Pac. 71), and *State* v. *Hanlon*, 32 Or. 95 (48 Pac. 353). The appellate court should construe a notice of appeal liberally, and hold that jurisdiction is conferred by its service if, by fair construction or reasonable intendment, it can ascertain therefrom that the appeal is taken from a judgment in a particular action: *Crawford* v. *Wist*, 26 Or. 596 (39 Pac. 218). Believing, as we do, that the notice in question imparts that information, and that jurisdiction was conferred by its service, the judgment must be reversed, and a new trial granted; and it is so ordered.

REVERSED.

Decided August 9, 1897.