Decided at PENDLETON, 13 August, 1898.

**HAMILTON *v.* BUTLER.**

[ 54 Pac. 200 ]

SUFFICIENCY OF NOTICE OF APPEAL.— A notice of appeal which describes the judgment appealed from no further than that it was entered against appellant in an action between certain parties in a certain court on a certain day is not sufficient.   *Crawford* v. *Wist*, 26 Or. 596, applied.

From Baker :  ROBERT EAKIN, Judge.

Action by Andrew Hamilton against E. B. Butler and Robert Dickson.   Judgment for plaintiff, from which defendants appeal.

AFFIRMED.

For appellants there was a brief over the name of *Hyde & Packwood*.

For respondent there was a brief over the name of *Lawrence & Manville*, with an oral argument by *Mr. J. Lawrence*.

PER CURIAM.   Judgment was rendered in the above-entitled action in the County Court of Baker County, in favor of plaintiff, and against defendants, for the sum of $191 and costs and disbursements, taxed at $18.60, on the 4th day of February, 1898.   From this judgment defendants attempted to appeal to the circuit court by serving a notice which, omitting the title of the cause, is in words and figures as follows: "You will please take notice that defendants Butler & Dickson, co-partners above named, in the above-entitled action, hereby appeal to the circuit court of this state for Baker County from the judgment therein made and entered in said action and county court on the 5th day of February, A. D. 1898, in favor of the plaintiff in said action, and against said defendants, and from the whole thereof, for the reason that said judgment was and is contrary to law and the evidence introduced in said action."   The circuit court dismissed the appeal because the notice was deemed insufficient under the practice, and the correctness of that ruling is challenged by the appeal to this court.   If it be conceded that the date of the supposed judgment as given in the notice is a clerical misprision,— a matter which we are unable to determine from the record, as the date in the undertaking on appeal corresponds with it, while that contained in the transcript of judgment shows it to have been rendered a day earlier, yet within the case of *Crawford* v. *Wist*, 26 Or. 596 (39 Pac. 218) the notice is otherwise clearly insufficient, and that case is decisive of the present controversy.

AFFIRMED.