---

Motion to Dismiss Appeal decided Dec. 12, 1911; Motion to Dismiss Appeal renewed and decided June 18; argued Aug. 1, decided Aug. 13, rehearing denied Oct. 15, 1912.

### MacMAHON *v.* HULL.

(119 Pac. 348.)
(124 Pac. 474.)
(126 Pac. 3.  )

**Appeal and Error—Notice of Appeal—Description of Judgment.**

1. The undertaking on appeal may be examined to identify the judgment appealed from, to sustain the sufficiency of the notice of appeal.

**Appeal and Error—Notice of Appeal—Description of Judgment.**

2. A notice of appeal which fails to specify the party securing the judgment appealed from or the party against whom the

judgment was rendered is sufficient when aided by the undertaking on appeal, which designates the party against whom the judgment was secured and the party in whose favor it was rendered.

### Appeal and Error—Transcript on Appeal—Time to File.

3. Where notice of appeal was served within six months from the judgment appealed from, and no objection was taken to the undertaking filed at the same time, the appeal, under Section 550, L. O. L., became perfected five days later, and a transcript filed within 30 days from that time was filed within the time prescribed by section 554.

### Appeal and Error—Abstract of Record—Defects.

4. Where the failure of appellant to attach to the abstract a table of its contents, as required by rule of court, is not willful, and a reasonable excuse is made for the omission, appellant may be relieved of his default.

### Appeal and Error—Dismissal—Termination of Controversy.

5. Though defendant in ejectment answered that he was in possession as tenant of R., and set up R.'s title, yet R. not having become a defendant, either on her own application or the requirement of plaintiff, as authorized by Section 326, L. O. L., or by order of court, plaintiff's appeal will not be dismissed on the ground of termination of the controversy, because of plaintiff, after the judgment for defendant, having commenced a suit aginst R. to determine an adverse claim to the property, which resulted in a decree of dismissal, time to appeal from which has expired, without appeal being taken.

### New Trial—Motion—Time of Filing.

6. A motion for a new trial, filed within 20 days from the filing of the decision, was seasonably filed pursuant to Section 176, L. O. L.

### New Trial—Motion—Hearing.

7. Section 175, L. O. L., requiring the motion for new trial to be heard before expiration of the term, does not apply where decisions are filed and entered in vacation.

### Appeal and Error—Record—Construction.

8. Where the findings in the record are entitled "In the Circuit Court * * after the * * Term" of such court, the record conclusively shows that the term had expired when the judgment was entered.

**New Trial—Motion—Irregularity.**
9.  The want of a signature to the motion for new trial, being a mere irregularity and not misleading, did not render the motion a nullity.

**New Trial—Motion—Waiver of Irregularity.**
10.  Irregularities in plaintiff's motion for new trial were waived, where the defendant appeared and argued the motion.

**Appeal and Error—Record—Conclusive Effect.**
11.  A recital in the record that the defendant appeared and argued plaintiff's motion for a new trial was conclusive.

**New Trial—Motion to Vacate Order—Time of Filing.**
12.  Where no motion was made during the term to vacate a valid order granting a new trial, a motion for such purpose could not be entertained subsequent to the expiration of the term.

From Tillamook: WILLIAM GALLOWAY, Judge.

This is an action of ejectment by Lois O. MacMahon against Robert S. Hull. From a judgment in favor of defendant, plaintiff appeals. Respondent files motion to dismiss appeal.                    · DENIED.

Decided December 12, 1911.

ON MOTION TO DISMISS.

(119 Pac. 348.)

*Mr. Oak Nolan* for the motion.

*Mr. H. T. Botts* and *Mr. H. K. Sargent, contra.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is a motion to dismiss an appeal and to strike an abstract from the files. It is contended that the notice of appeal is insufficient to confer jurisdiction. Omitting the formal parts, the paper adopted to secure a transfer of the cause is as follows:

"Notice is hereby given that the plaintiff, Lois O. Mac-Mahon, appeals to the Supreme Court of the State of Oregon from the whole of the judgment and order entered in the above-entitled court and cause on April

28, 1911, and appearing on the journal of said court at page 183 of Journal Number 5 thereof."

It will be seen that neither the party who secured the judgment nor the one against whom it was rendered is specified in the notice of appeal.

1. In order to identify a judgment, the undertaking on appeal may be examined for that purpose. *Moorhouse* v. *Donica,* 13 Or. 435 (11 Pac. 71) ; *Salem Traction Co.* v. *Anson,* 41 Or. 562 (67 Pac. 1015: 69 Pac. 675). The condition of the undertaking filed herein reads:

"Whereas Lois O. MacMahon, the plaintiff in the above-entitled action, appeals to the Supreme Court of the State of Oregon from the whole of the judgment and order made against her in the said action in the said circuit court in favor of the defendant in said action on the 28th day of April, 1911."

2. Considering without deciding that the requirements of the statute (Sec. 550, subd. 1, L. O. L.) were not observed in framing the notice of appeal, the reference in the undertaking to the judgment sought to be reviewed aids the notice, rendering it sufficient to initiate a transfer of the cause. *Keady* v. *United Rys. Co.,* 57 Or. 325 (100 Pac. 658). The notice of appeal and the undertaking therefor were served October 16, 1911, and filed two days thereafter, and as the transcript was not filed in this court until October 30, 1911, or more than six months after April 28, 1911, when the judgment was rendered, the question to be determined is whether or not the transcript was filed within the time prescribed. An appeal to the Supreme Court may be taken by serving and filing the notice of appeal within six months from the entry of the judgment appealed from. (Section 550, subd. 5, L. O. L.) Within ten days from the service of such notice, the appellant shall cause to be served on the adverse party or his attorney an undertaking and file the same with proof of service indorsed thereon with the clerk. Within five days after service of such bond, the

adverse party or his attorney shall except to the sufficiency of the sureties in the undertaking, or he shall be deemed to have waived his right to do so. (Section 550, subd. 2, L. O. L.) From the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof if excepted to, the appeal shall be deemed perfected. Section 550, subd. 4, L. O. L.) Upon the appeal being perfected, the appellant shall, within 30 days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the rules of the appellate court may require. (Section 554, L. O. L.)

3. It will be remembered that the undertaking on appeal was served October 16, 1911. No objections appear to have been interposed to the sufficiency of the surety thereon, and hence the appeal became perfected October 21, 1911, within 30 days from which date the transcript or an abstract was required to be filed in this court. The transcript on appeal complies with rule 1 of this court (56 Or. 614: 117 Pac. ix), and was filed with the clerk thereof October 30, 1911, and within the time expressly limited therefor.

It is contended that the abstract that was filed is false in some particulars. Respondent's counsel evidently considering such abridgment unfair filed an additional abstract as authorized by rule 7 of the Supreme Court. (56 Or. 616: 117 Pac. x).

4. It appears, however, that an index to appellant's abstract was omitted, and her counsel, insisting that the oversight in this particular was occasioned by inadvertence, asks leave to supply the deficiency. The failure to attach to an abstract a table of its contents as required by rule of court is not a matter of jurisdiction, and, where the nonobservance of such command is not willful and a reasonable excuse is made for the omission, the party should be relieved of his default.

Permission will therefore be granted to correct the error which may be rectified by pasting into the abstract a typewritten index of its contents at any time prior to the hearing of the cause on its merits.

The motion should be denied, and it is so ordered.

                    MOTION TO DISMISS DENIED.

---

Decided June 18, 1912.

MOTION TO DISMISS.

(124 Pac. 474.)

MR. JUSTICE MOORE delivered the opinion of the court.

This is a motion to dismiss an appeal. This action was instituted to recover the possession of the southeast quarter of section 15 in township 2 south of range 9 west of the Willamette meridian; the complaint being in the usual form. The answer denies most of the averments of the complaint and for a separate defense alleges:

"That defendant is in actual possession of the land described in plaintiff's complaint only as tenant of Agnes Reid, of the City of Portland, Multnomah County, Oregon, under a lease dated February 28, 1907."

For a further answer it is averred that Agnes Reid's title to the premises depended upon a tax deed, setting forth the procedure whereby the conveyance was executed. A reply put in issue the allegations of new matter in the answer, whereupon the cause was tried, resulting in a judgment for defendant, and the plaintiff appealed.

Thereafter, as appears from a supplemental affidavit of defendant's counsel, the plaintiff herein commenced a suit against Agnes Reid and Francis Trever, Jr., to determine an adverse claim to the real property hereinbefore described. Agnes Reid, alone appearing, denied the allegations of the complaint and alleged her ownership of the land in question. The averments of new matter in the answer having been denied in the reply, the cause was tried, resulting in a decree, November 17, 1911,

dismissing the suit and awarding to her the costs and disbursements, taxed at $22.50, which sum was paid by the plaintiff, who took no appeal; the time limited therefor having expired.

5. It is contended by defendant's counsel that the suit having been dismissed, and the costs and disbursements incurred therein having been paid, the failure to take an appeal from the decree determined the controversy involved herein, and, this being so, the appeal from the judgment in the ejectment action should be dismissed. It is argued that the appeal herein was prosecuted against the defendant, Robert S. Hull, who was only the tenant of Agnes Reid; that the case at bar and the suit to determine an adverse claim were between the same parties, involved the same issues, and related to the same land. The statute providing for the substitution of a party in lieu of a tenant is as follows:

"A defendant who is in actual possession may, for answer, plead that he is in possession only as tenant of another, naming him and his place of residence, and thereupon the landlord, if he apply therefor, shall be made defendant in place of the defendant, and the action shall proceed in all respects as if originally commenced against him. If the landlord does not apply to be made defendant within the day, the tenant is allowed to answer, thereafter he shall not be allowed to, but he shall be made defendant if the plaintiff require it. If the landlord be made defendant on motion of the plaintiff, he shall be required to appear and answer within ten days from notice of the pendency of the action and the order making him defendant, or such further notice as the court or judge thereof may prescribe." Section 326, L. O. L.

The answer in the ejectment action does not name the place of Agnes Reid's "residence," unless it can be inferred that her domicile or abode was in Portland. It does not appear, however, that she applied to be made defendant in that action, or that the plaintiff required that she should be made a party, or that any order was given making her a defendant. The rule adopted in

*Moores* v. *Moores,* 36 Or. 261 (59 Pac. 327) is not controlling herein, for Agnes Reid was not a person against whom the ejectment action was prosecuted, and, though there may have been some privity of estate or contract between her and Hull respecting the land demanded, she was not a party to the record in the original case, and, this being so, the motion to dismiss the appeal therein should be denied; and it is so ordered.

Motion to Dismiss Denied.

Mr. Justice Burnett took no part in the consideration of this motion.

--------

Decided August 13, 1912.

Rehearing denied October 15, 1912.

On the Merits.

(126 Pac. 3.)

Statement by Mr. Justice McBride.

. This is an action of ejectment to recover lands in Tillamook County. Defendant denies plaintiff's title and affirmatively alleges title in his lessor by a deed from the sheriff on a sale for taxes.

Upon the trial a jury was waived, and the court took the case under advisement and in vacation made findings and rendered judgment for defendant. The cause was tried on April 23, 1910, before Hon. William Galloway, one of the judges of the circuit court, and his findings and judgment were made and filed on September 21, 1910. On September 22, 1910, plaintiff filed a motion for new trial, which the record indicates was duly served upon defendant's attorney. The motion was not subscribed by the attorney; but the return shows that the copy served was certified by plaintiff's attorney to be a true copy of the original. The grounds of the motion were: (1) Insufficiency of the evidence to justify the findings and

judgment; (2) because the findings of fact were insufficient to justify the judgment; (3) because the judgment, as based upon the findings, was contrary to law; (4) because of errors of law occurring at the trial and excepted to by plaintiff.

At the next term of the court, held by Hon. Geo. H. Burnett, it appears from the record that both parties appeared, and the motion was argued, submitted, and a new trial granted, which resulted in a verdict and judgment for plaintiff. Nothing was done by defendant until the succeeding term, when a motion was made to set aside the order of Judge Burnett, granting a new trial, and the judgment rendered pursuant to such trial, for the reason that the court had no jurisdiction to grant such new trial, and that the whole proceedings before Judge Burnett were void. This motion was granted, and plaintiff appeals.        REVERSED: REHEARING DENIED.

For appellant there was a brief over the names of *Mr. H. T. Botts* and *Mr. H. K. Sargent,* with an oral argument by *Mr. Botts.*

For respondent there was a brief and an oral argument by *Mr. Oak Nolan.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

6. It is practically conceded that, if the order granting a new trial was valid, defendant is out of court, and we will first consider that question. Section 176, L. O. L., provides that upon trial by the court, when the decision is given in vacation, the motion for new trial shall be filed within 20 days from the filing of the decision. This was done in this case, and we are of the opinion that it was seasonably filed.

7. The provisions of Section 175, L. O. L., which are filed and entered in vacation after the expiration of the term, can have no application to cases where decisions are filed and entered in vacation after the expiration of the term.

8. It is urged by respondent that there is nothing in the record showing that the term had expired at the time the judgment was entered; but the findings are entitled "In the Circuit Court of the State of Oregon, for Tillamook County, after the regular April, 1910, Term of said Court." This record is conclusive as to the fact that the term had then expired.

9. It is also urged that, as the motion for new trial was not signed by the attorney for plaintiff, it was a mere nullity, and that for this reason the order granting the new trial was void. We think this was a mere irregularity, which misled nobody. Plaintiff's attorney certified to the correctness of the copy served upon defendant, and his return appears upon the original motion on file in the court. The court knew and the attorney for defendant knew who was pressing the motion, and to hold the proceedings void under these circumstances would be sacrificing substance to an unprofitable technicality.

10. In addition to the reasons above given, it appears from the record that the defendant appeared in court and argued the motion, and such appearance was a waiver of any irregularity in the matter of subscription of the names of the attorneys thereto.

11. Counsel for defendant claims that the record is erroneous in respect to his appearance at the hearing of the motion; but upon appeal we are bound by the record, and the proper course would have been for defendant's counsel to have moved during the term to have the record amended to conform to what he claims was the fact.

12. As the case now stands, it appears that the court granted a new trial on November 14, 1910, and that on November 17, 1910, a jury trial was had, resulting in a verdict and judgment for plaintiff, and that later in the same month the court adjourned for the term. No

attempt was made by defendant to secure a new trial or a vacation of the proceedings until after the beginning of a new term, when this motion to vacate and cancel the order and judgment of the previous term was filed and allowed.

The court was entirely without jurisdiction, after the previous term had expired without any motion for that purpose having been filed by defendant, to vacate or annul the previous order and judgment given by Judge Burnett. *Deering & Co.* v. *Quivey,* 26 Or. 556 (38 Pac. 710) ; *Brand* v. *Baker,* 42 Or. 426 (71 Pac. 320). If the order of Judge Burnett, granting a · new trial, was erroneous, defendant's remedy was by appeal. We cannot review it in this proceeding, holding, as we do, that the court possessed jurisdiction to make it.

It follows from the foregoing that the judgment appealed from is reversed and set aside, and the order of November 14, 1910, and the judgment of November 17th are adjudged to be in full force and effect.

REVERSED : REHEARING DENIED.

MR. JUSTICE BURNETT took no part in this decision.