Motion to dismiss appeal argued September 1, denied September 8, 1914.

On the merits argued June 3, reversed June 29, rehearing denied September 7, 1915.

# RAIHA *v.* COOS BAY COAL & FUEL CO.

### (143 Pac. 892; 149 Pac. 940; 151 Pac. 471.)

**Appeal and Error—Proceedings to Transfer Cause—Notice of Appeal.**

1. Under Section 550, L. O. L., making a notice of appeal sufficient if it contains the title of the case, the names of the parties, and notifies the adverse party or his attorney that an appeal is taken from the judgment, a notice "that the above-named plaintiff appeals to the Supreme Court of this state from the judgment entered May 23d, ·in favor of the defendant, and appeals from whole of such judgment," is sufficient, where the transcript shows that, at a regular term of court in the county from which the appeal is taken, a judgment was rendered on May 23, 1914, between the parties named in the title of the case in favor of defendant.

### ON THE MERITS.

**Appeal and Error—Rulings on Evidence—Bill of Exceptions.**

2. Under Section 171, L. O. L., providing that an objection shall be stated with so much of the evidence as is necessary to explain it, an exception to a ruling on evidence is not reviewable unless there is copied in the bill of exceptions so much of the testimony as will enable the court on appeal to understand the question involved.

**Appeal and Error—Questions Reviewable—Rulings on Instructions—Bill of Exceptions.**

3. Where an exception is taken to an instruction, which under the pleadings is improper under any view of the law, the error is reviewable, though no testimony is incorporated in the bill of exceptions.

**Master and Servant—Injury to Servant—Employers' Liability Act—Applicability.**

4. A complaint for injuries to a coal mine employee, which alleged that the employer was engaged in mining coal beneath the surface at such depth as to render the work inherently dangerous from accumulation of noxious and combustible gases, which might be guarded against by the exercise of reasonable care, that the employer failed to install ventilating fans and air shafts, and that by reason thereof the employee, on entering a room in the mine, was burned by an explosion, stated a cause of action under Employers' Liability Act (Laws 1911, p. 16), declaring that all persons having charge of, or responsible for, any work involving risk or danger to the employees shall use every device practicable, and providing that contributory negligence of the person injured shall not be a defense, so that a charge that an em-

ployee guilty of contributory negligence could not recover was erroneous.

> [As to what is "accident arising out of and in course of employment," within the Employers' Liability Act, see note in Ann. Cas. 1914D, 1284.]

### ON REHEARING.

**Appeal and Error—Review—Presumption.**

5. Where the bill of exceptions does not purport to contain all the evidence, and fails to state that none was offered on a particular issue, it will be presumed, from instructions given thereon, that they were predicated on evidence received thereon.

**Negligence—Contributory Negligence—Apportioning Damages.**

6. Contributory negligence is not a defense, under the Employers' Liability Act (Laws 1911, p. 16), to an action for a servant's injury, but is ground for apportioning the damages according to the respective want of care of the parties.

From Coos: John S. Coke, Judge.

This is an action by Eino Raiha against the Coos Bay Coal & Fuel Company, a corporation, wherein judgment was rendered in favor of defendant, and plaintiff appeals. Respondent files motion to dismiss the appeal.                    Motion Denied.

*Mr. John D. Goss* and *Mr. J. C. Kendall,* for the motion.

*Mr. William T. Stoll* and *Messrs. Brenn & Hyde, contra.*

Mr. Justice Moore delivered the opinion of the court.

1. This is a motion to dismiss an appeal, and is based on the ground that the notice therefor does not sufficiently identify the judgment sought to be reviewed. Omitting the title of the court and cause, the names of the defendant and its attorneys who are addressed, and the names of the attorneys subscribed to the notice, it reads:

"You will please take notice that the above-named plaintiff (appellant) appeals to the Supreme Court of this state from the judgment entered May 23d, in favor of the defendant (respondent), and appeals from the whole of such judgment."

The transcript herein shows that a regular term of the Circuit Court of the State of Oregon for Coos County was held at the courthouse in that county, commencing April 27, 1914; the same being the fourth Monday in that month and the time fixed by law for holding such term, at which were present the trial judge and other officers.

"When on Saturday, the 23d day of May, 1914, the same being the twenty-second judicial day of said term of said court, the following proceedings, among others, were had, to wit: *Eino Raiha, Plaintiff,* v. *Coos Bay Coal & Fuel Company, Defendant.* No. 3840. Now, at this time the jury impaneled to try the above-entitled cause having returned their verdict in favor of the defendant and against the plaintiff, which verdict is received by the court and filed herein. On motion of defendant for judgment on such verdict, it is considered, ordered and adjudged that judgment be and the same is hereby rendered and given in favor of the defendant and against the plaintiff for its costs and disbursements. (Journal signed.)

"JOHN S. COKE,
"Judge."

The undertaking on appeal does not identify the judgment complained of with any greater particularity than the specification in the notice. The statute referring to the written means of initiating an appeal is in part as follows:

"Such notice shall be sufficient if it contains the title of the cause, the names of the parties, and notifies the adverse party or his attorney that an appeal is taken to the Supreme Court or Circuit Court, as the case

may be, from the judgment, order or decree, or some specified part thereof'': Section 550, L. O. L.

It is admitted that the several requirements of the statute have been complied with, but it is maintained that the judgment is not adequately specified in the notice of appeal. Under the practice formerly prevailing in this court, a notice of appeal as indefinite as the one under consideration would probably be regarded as insufficient: *Crawford* v. *Wist,* 26 Or. 596 (39 Pac. 218); *Duffy* v. *McMahon,* 30 Or. 306 (47 Pac. 787); *Hamilton* v. *Butler,* 33 Or. 370 (54 Pac. 200). The later decisions, however, are to the effect that if, from an inspection of the notice of appeal it can be determined by fair construction or reasonable intendment, and without resort to evidence *aliunde* the transcript, that the appeal is taken from the judgment or decree in a particular case, it will be sufficient to confer jurisdiction of the cause: *Summers* v. *Geer,* 50 Or. 249 (85 Pac. 513, 93 Pac. 133); *Ferrari* v. *Beaver Hill Coal Co.,* 54 Or. 210 (94 Pac. 181, 95 Pac. 498, 102 Pac. 175, 1016); *Keady* v. *United Rys. Co.,* 57 Or. 325 (100 Pac. 658, 108 Pac. 197); *MacMahon* v. *Hull,* 63 Or. 133 (119 Pac. 348, 124 Pac. 474, 126 Pac. 3); *Holton* v. *Holton,* 64 Or. 290 (129 Pac. 532); *Fraley* v. *Hoban,* 69 Or. 180 (133 Pac. 1190).

An oral notice of appeal, given when the judgment or decree is rendered, is now sufficient to secure a transfer of the cause, if a proper undertaking be given and the transcript filed within the time limited therefor: Section 550, L. O. L. As consonant with this late enactment, the procedure that heretofore obtained, with respect to the manner of inaugurating an appeal, has been so modified as to avoid all technicalities, and a written notice is now held to be sufficient if it com-

plies with the requirements of the statute hereinbefore quoted, and, if from an inspection thereof the adverse party could not have been misled as to the order, judgment or decree undertaken to be reviewed.

Believing that the notice of appeal herein is adequate in these particulars, the motion to dismiss the appeal should be denied, and it is so ordered.

Motion to Dismiss Denied.

———

Reversed June 29, 1915.

On the Merits.

(149 Pac. 940.)

Department 1.   Statement by Mr. Chief Justice Moore.

This is an action to recover damages for a personal injury. The complaint charges, in effect, that the defendant is a corporation and engaged in mining coal beneath the earth's surface at such a depth as to render the work inherently dangerous on account of the liability of noxious and combustible gases to accumulate, which could have been guarded against by the exercise of reasonable care and diligence, and that the defendant failed to install in its mine sufficient ventilating fans and air shafts to dissipate such gases, by reason whereof the plaintiff, one of its employees, on November 17, 1913, on entering a room of the mine as directed, was severely burned and injured as a result of a violent explosion which just then occurred.

The answer denies the negligence alleged, and avers, in substance, that the plaintiff was supplied with a safety lamp which he was instructed to use on enter-

ing the chambers of the mine, but, disregarding the directions, he entered a coal-room with a lamp having an exposed flame, and by reason thereof a small explosion occurred, and he was slightly injured, which hurt resulted from his own contributory negligence. The reply having denied the allegations of new matter in the answer, the cause was tried, resulting in a verdict and judgment for the defendant, and the plaintiff appeals.          REVERSED. REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Isham N. Smith, Mr. William T. Stoll* and *Messrs. Brenn & Hyde,* with an oral argument by *Mr. Smith.*

For respondents there was a brief over the names of *Mr. John D. Goss* and *Mr. J. C. Kendall,* with an oral argument by *Mr. Goss.*

Opinion by MR. CHIEF JUSTICE MOORE.

An exception having been taken by the plaintiff's counsel, it is contended that an error was committed in charging the jury as follows:

"The law provides that, notwithstanding the negligence or carelessness of the defendant, if the plaintiff himself has been guilty of contributory negligence, such negligence as proximately contributes to the injury, then the plaintiff cannot recover, notwithstanding the negligence of the defendant."

It is maintained by the defendant's counsel that, to entitle an exception to be considered on appeal, it must be separately stated in the bill of exceptions with so much of the evidence as is necessary to explain it (Section 171, L. O. L.); and, since no testimony is thus set forth, the question suggested is not properly before this court.

2. When an exception is taken to the ruling of a trial court upon the admission or exclusion of evidence, so much of the testimony as will enable the appellate court fully to understand the question involved must be copied in the bill of exceptions.

3. If, however, an exception relates to the giving of an instruction which under the pleadings would have been an improper application of the rules of law to the case, under any view that might be taken, the error will be reviewed on appeal, though no testimony is incorporated in the bill of exceptions: *Willis* v. *Horticultural Fire Relief,* 69 Or. 293 (137 Pac. 761, Ann. Cas. 1916A, 449).

4. Section 6 of the Employers' Liability Act reads:

"The contributory negligence of the person injured shall not be a defense, but may be taken into account by the jury in fixing the amount of the damage": Gen. Laws Or. 1911, c. 3.

The decisive question to be considered is whether or not the facts alleged in the complaint bring the cause of action within the provisions of the statute last cited. That enactment declares that all persons having charge of or responsible for any work involving risk or danger to the employees "shall use every device, care and precaution which it is practicable to use for the protection and safety of life and limb": *Id.,* § 1. It will be remembered the complaint alleges that the work in which the plaintiff, as an employee of the defendant, was engaged when he was injured, was intrinsically dangerous. No evidence is before us from which the degree of danger to which the plaintiff was exposed can readily be determined, but from a mere inspection of the averments of the complaint it is believed the cause of action set forth therein brings it

within the provisions of the act mentioned: *Dorn* v. *Clarke-Woodward Drug Co.*, 65 Or. 516 (133 Pac. 351); *Schulte* v. *Pacific Paper Co.*, 67 Or. 334 (135 Pac. 527, 136 Pac. 5); *Dunn* v. *Orchard Co.*, 68 Or. 97 (136 Pac. 872); *Wasiljeff* v. *Hawley Paper Co.*, 68 Or. 487 (137 Pac. 755); *Browning* v. *Smiley-Lampert Lumber Co.*, 68 Or. 502 (137 Pac. 777.)

An error was committed in giving the instruction complained of.

The judgment is therefore reversed and a new trial ordered.    REVERSED.    REHEARING DENIED.

MR. JUSTICE BURNETT, MR. JUSTICE EAKIN and MR. JUSTICE MCBRIDE concur.

---

Denied September 7, 1915.

ON PETITION FOR REHEARING.

(151 Pac. 471.)

*Mr. John D. Goss* and *Mr. J. C. Kendall,* for the motion.

*Mr. Isham N. Smith, Mr. William T. Stoll* and *Messrs. Brenn & Hyde, contra.*

Opinion by MR. CHIEF JUSTICE MOORE.

It is contended in a petition for a rehearing that a reversal of the judgment herein was erroneously based on the giving of an instruction on the question of contributory negligence, when the bill of exceptions does not purport to contain any of the testimony, and for that reason it cannot be said from

an inspection of the transcript that the plaintiff's right of recovery is founded on the Employers' Liability Act, under which statute alone contributory negligence is not a defense: Gen. Laws Or. 1911, c. 3, § 6; *Schaedler* v. *Columbia Contract Co.,* 67 Or. 412 (135 Pac. 536).

5. When a bill of exceptions does not purport to contain the evidence, and fails to state that no testimony was offered on a particular issue, it will be presumed. from instructions given in respect to facts disputed by the pleadings, that such parts of the charge were predicated on testimony that had been received: *Baker County* v. *Huntington,* 48 Or. 593 (87 Pac. 1036, 89 Pac. 144). In the charge it was said:

"It is the duty of the master operating a mine to use all appliances readily obtainable * * for the prevention of accidents arising from the accumulation of gases or other explosives, and failure to observe that duty by the master constitutes negligence on his part."

The court further instructed as follows:

"It is incumbent upon the defendant to make out the better case as to the affirmative defenses, providing the plaintiff has first of all established by preponderance of the evidence that he received his injury by reason of the carelessness or negligence of the defendant in the particulars, or some of the particulars, as described in the complaint."

From these excerpts and others of like import the court conceded that testimony had been given by the plaintiff tending to show that he was hurt by an explosion of gas in the defendant's coal mine, as alleged in the complaint. The facts thus appearing from an inspection of the bill of exceptions, as evidenced by the language last quoted, prove that the cause of action arose under the statute referred to, and not under the principles of the common law.

6. By the act mentioned, though contributory negligence is not a bar to a recovery of damages by an employee for an injury resulting from the alleged carelessness of the master, the measure of the loss occasioned by the hurt is apportioned ratably between the parties according to their respective want of ordinary care: *Filkins* v. *Portland Lumber Co.,* 71 Or. 249 (142 Pac. 578).

The former opinion is therefore adhered to.

ON REHEARING FORMER OPINION APPROVED.