Motion to dismiss appeal denied November 21, 1916.
Argued on the merits January 17, affirmed January 29, rehearing denied February 13, 1918.

## MERIDIANAL COMPANY *v.* BOURNE.

(160 Pac. 1151; 170 Pac. 521.)

**Appeal and Error—Proceedings to Transfer Cause—Notice of Appeal—Identification of Judgment.**

1. A notice of appeal describing the judgment appealed from by reference to the title and date of entry, if insufficient to identify the judgment, may be read in connection with the undertaking on appeal, including in its description of the judgment the statement of the amount for which it is entered, and, when so read, sufficiently identifies the decision to confer jurisdiction on the Supreme Court by the filing of the transcript.

### ON THE MERITS.

**Appeal and Error—Scope of Review—Absence of Bill of Exceptions.**

2. Absence of bill of exceptions precludes consideration of the testimony and of rulings on the admission or rejection of evidence, and the court can consider only whether the complaint shows a cause of action and the findings justify the judgment.

**Appeal and Error—Scope of Review—Absence of Bill of Exceptions.**

3. In the absence of bill of exceptions, the court cannot consider depositions accompanying the transcript.

From Columbia: JAMES A. EAKIN, Judge.

Action by the Meridianal Company against J. Kenyon Bourne, to recover the amount due upon a promissory note. From a judgment in favor of plaintiff, defendant appealed. Respondent files motion to dismiss appeal. Motion denied.

*Mr. Robert C. Wright,* for the motion.

*Mr. Clyde Richardson, contra.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. This is a motion to dismiss an appeal on the ground that the written notice thereof does not sufficiently identify the judgment attempted to be reviewed. Omitting the immaterial parts of the notice, it reads:

"You and each of you are hereby notified that the defendant J. Kenyon Bourne, in the above-entitled action, hereby appeals to the Supreme Court of the State of Oregon, from all that certain judgment rendered and entered in the above-entitled court and cause on the seventeenth day of June, 1916, which said judgment was in favor of the plaintiff and against the defendant."

If it be assumed that this notice is inadequate under the rule announced in this court (*Crawford* v. *Wist*, 26 Or. 596 (39 Pac. 218); *Hamilton* v. *Butler*, 33 Or. 370 (54 Pac. 200); *Duffy* v. *McMahon*, 30 Or. 306 (47 Pac. 787), the undertaking on appeal may be read in connection with the notice for the purpose of identifying the judgment or decree complained of (*Salem Traction Co.* v. *Anson*, 41 Or. 562 (67 Pac. 1015, 69 Pac. 675); *Keady* v. *United Rys. Co.*, 57 Or. 325 (100 Pac. 658, 108 Pac. 197); *MacMahon* v. *Hull*, 63 Or. 133 (119 Pac. 348, 124 Pac. 474, 126 Pac. 3); *Holton* v. *Holton*, 64 Or. 290 (129 Pac. 532, 48 L. R. A. (N. S.) 779).

The material part of the undertaking on appeal herein reads:

"Whereas, the defendant in the above-entitled action appeals to the Supreme Court of the State of Oregon from a judgment made and entered against defendant in said action in the said Circuit Court, in favor of the plaintiff in the said action and against the defendant on the seventeenth day of June, A. D. 1916, for $1,000, and $120 attorney's fees, and disbursements of $26.65."

This description of the judgment sufficiently identifies the decision to be reviewed, and, when read in connection with the notice of appeal, shows that jurisdiction of the cause was conferred upon this court by the filing of the transcript.

The motion is denied.    Motion Denied.

Affirmed January 29, 1918.

ON THE MERITS.

(170 Pac. 521.)

Department 1.    Statement by MR. CHIEF JUSTICE McBRIDE.

This was an action upon a promissory note. The answer admitted the execution of the note but alleged failure of consideration and fraud, and also pleaded certain counterclaims. The case was tried without a jury and there were findings and a judgment in favor of plaintiff, from which defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Clyde Richardson.*

For respondent there was a brief and an oral argument by *Mr. Robert G. Wright.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

2. There is no bill of exceptions and we are therefore precluded from considering the testimony and rulings of the court relating to the admission or rejection of evidence. The only questions which we can consider are whether the complaint states facts sufficient to constitute a cause of action, and whether the findings are sufficient to justify the judgment rendered: *Jeffery* v. *Smith,* 63 Or. 514 (128 Pac. 822) ; *Miller* v. *Head Camp,* 45 Or. 192 (77 Pac. 83) ; *Frazier* v. *Cottrell,* 82 Or. 614 (162 Pac. 834).

The complaint is in the usual form and its substantial allegations are admitted in the answer, that is to say: defendant admits the execution of the note for

value, the transfer of it to plaintiff after maturity, but denies that it has not been paid, making however no affirmative plea of payment. The attempted defenses are, that on June 15, 1913, defendant made J. E. B. Bourne, plaintiff's assignor, his agent to secure the satisfaction of a mortgage held by parties in England against property owned by defendant in the State of Oregon, and also for the purpose of pledging by mortgage certain property in England held jointly by said J. E. B. Bourne and defendant; that by virtue of such agency J. E. B. Bourne procured from Alfred W. Dando a joint loan of $5,000 for the use and benefit of himself and defendant; that in October, 1913, by reason of false representations by J. E. B. Bourne to defendant that he had borrowed no money on defendant's account on said joint property, defendant was induced to make and deliver the note mentioned to J. E. B. Bourne for the payment of a mortgage satisfaction on property owned by defendant, and that at the time of the execution and delivery of said note J. E. B. Bourne had in his possession $2,500 of money belonging to defendant, and there was no consideration therefor. That prior to the assignment of the note J. E. B. Bourne caused to be charged up against defendant the sum of $34.50 on account of fees to A. Morton, a solicitor, on account of said mortgage loan and said sum has been paid Morton by defendant.

3. There was also a setoff in the amount of $251.90 pleaded on account of a half interest in certain moneys secured by J. E. B. Bourne for the joint use of himself and defendant. It appears from the findings that there were offered the depositions and testimony of certain witnesses to support defendant's contentions, but that plaintiff objected to the admission thereof because neither of the alleged separate defenses stated facts

sufficient to constitute a defense to the action, and plaintiff specifically objected to each interrogatory and answer of the witnesses upon the ground in each instance that such questions and answers were immaterial and irrelevant and that the scope of each interrogatory and its answer was not within any issue made by the pleadings and neither the interrogatory nor its answer in all cases was directed to or in support of any issue in the pleadings. The court allowed each of said objections specifically, and also an exception to its ruling. Waiving the question as to the sufficiency of the separate defenses we do not have before us in any manner authorized by law the depositions and testimony excluded by the ruling of the court. Conceding for the purposes of this discussion the sufficiency of the defenses, we have no means of ascertaining whether the evidence offered tended in any way to support the allegations of the answer. We have held over and over again that the only method by which testimony offered and rejected can be brought into this court is by incorporating it in a bill of exceptions: *Lewis* v. *Clark,* 66 Or. 461 (134 Pac. 1194).

It is true that certain depositions accompany the transcript but in the absence of a bill of exceptions we have no more authority to consider these than we would have to call the circuit judge before us and inquire of him concerning the testimony offered at the trial. The findings are sufficient to uphold the judgment which is therefore affirmed.   AFFIRMED.   REHEARING DENIED.

MR. JUSTICE BURNETT, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.