Submitted on briefs May 18, affirmed June 22, 1920.

## McFARLAND v. HUENERS.
### (190 Pac. 584.)

**Appeal and Error—Notice of Appeal—Sufficiency.**

1. Great liberality should be indulged in, in judging the sufficiency of notice of appeal.

**Appeal and Error—Judgment—Discrepancy in Date Not Fatal to Notice of Appeal.**

2. Mere discrepancy in the date of judgment, as recited in the notice of appeal, is not fatal, where the judgment is otherwise sufficiently identified by the transcript to inform the adverse party fairly as to the judgment really appealed from.

**Appeal and Error—Judgment—Notice of Appeal—Sufficiency.**

3. The only question in determining the sufficiency of notice of appeal is whether it appears from notice and transcript, including bill of exceptions and undertaking, that judgment brought up in transcript is really the one appealed from in the notice, and that respondent was fairly notified thereof.

**Appeal and Error—Judgment—Misstating Date—Notice of Appeal Sufficient.**

4. Notice of appeal *held* sufficient under Section 550, L. O. L., though it stated October 20th as the date of judgment, which was not formally entered by the clerk until the 25th, though, under Section 201 he should have entered it on the 20th.

**Bills and Notes—Misrepresentation—Fraud—Contracts.**

5. The buyer of land was liable on his note given for part of the price, despite his allegations that plaintiff seller and his associates induced the buyer to make a change in the contract by falsely representing the law to the effect that by the change his obligations and liabilities on the notes and mortgages executed by him would be no greater.

**Evidence—Bills and Notes—Parol Agreement Limiting Liability.**

6. A parol agreement at time of execution of a note that the payee will rely on the mortgage executed by the maker, and not

assert any personal liability against the maker, is invalid, and cannot be successfully asserted to vary terms of note.

**Pleading—Amendment to Answer—Discretion of Court.**

7.  Allowance of amendment to the answer presenting an absolute new defense, if admissible at all, was within the sound discretion of the trial court.

**Pleading—Refusal to Permit Amendment to Answer—Not Abuse of Discretion.**

8.  In action on note given for part of price of realty, refusal to permit defendant to amend his answer to present an absolutely new defense *held* not such an abuse of trial court's discretion as would justify interference by Supreme Court.

**Bills and Notes—Assignment—Collateral Security—Recovery by Assignee.**

9.  An assignment of a note to plaintiff as collateral security is sufficient title to support recovery in his behalf.

**Appeal and Error—Attorney and Client—Attorney's Fee—Included in Verdict.**

10.  In action on note given for part of the price of realty, agreement of parties in open court through their attorneys as to the matter of attorney's fees is binding on them, and defendant cannot complain on appeal because the fee which he agreed was reasonable was included in the directed verdict for plaintiff.

From Jackson: Frank M. Calkins, Judge.

In Banc.

This is an action at law brought by the respondent against the appellant and his wife, to recover upon a promissory note for the sum of $3,600, and interest. The note was given as a part of the purchase price for a certain tract of land in Jackson County, purchased by the defendant, John H. Hueners, from one L. M. Lyon, who was the original payee of the note.

The deal for the land was originally made several months prior to the date of the note. According to the original transaction there was to be no note or mortgage, but the defendant made a payment in cash and took a bond for a deed, by which the land was to be transferred to him only upon the completion of

the payments agreed upon. This original transaction was in June, 1911, and in March, 1912, the arrangement in relation to the deal was changed by mutual consent, and the land was then actually deeded to the appellant. He made an additional payment on the purchase price, and there being still a balance of $6,600 due threon, he and his wife executed two separate promissory notes, each of which was secured by a separate mortgage on the land, the one for $3,000 and the other being the note in question for $3,600. The first note and mortgage for $3,000 seems to have been given direct to the plaintiff, McFarland, at the request of Lyon. The note sued upon, and the mortgage to secure the same, was executed to Lyon and he afterwards transferred it (apparently as collateral security) also to McFarland.

The defendants filed an answer, putting in issue the transfer of the note from Lyon to the plaintiff, and then alleging as an affirmative defense the previous transaction, preceding the execution of the note, substantially as hereinbefore stated, and that the defendants were induced to consent to the change in the arrangement and the execution of the note in question, by a representation that they would "be under no other or greater obligation for the purchase price of the land than was represented in the original agreement," and that, relying thereon, they executed the note in question, and the mortgage to secure the same, as well as the note and mortgage given to McFarland to secure the payment of the first $3,000. Defendants also allege that the representations were false and fraudulent, and made for the purpose of deceiving, and did deceive, the de-

fendants. A reply was filed, putting in issue the allegations of ' defendant's answer.

At the trial the plaintiff placed in evidence the note in question, with proof of its execution and transfer to the plaintiff, and then rested. The defendants then offered to prove the facts stated in the answer, to which there was an objection, substantially upon the ground that the answer presents no defense, and that the facts stated therein in relation to the previous transaction were immaterial. This objection being sustained, the defendants asked leave to amend, by adding to the answer an allegation that the plaintiff, at the time of the execution of the note, promised and agreed with the defendants that he would not ask for a personal judgment against them, but would look wholly to the property for the satisfaction of the notes and mortgages; and also, by adding a claim for damages in the sum of $3,600, as a counterclaim. The amendment was denied, and the defendant having rested, the plaintiff moved for an instructed verdict, which was granted.

The defendant John H. Hueners served and filed a notice of appeal to this court, and there is a motion to dismiss the appeal upon the ground that the notice does not sufficiently describe the judgment in the case, and that Minnie Hueners, one of the defendants and the wife of the appellant, was not made a party to the appeal and was not served with notice of the appeal.                AFFIRMED.

For appellant there was a brief submitted over the name of *Mr. W. E. Crews.*

For respondent there was a brief prepared and submitted by *Mr. A. E. Reames.*

BENNETT, J.—The first question to be considered is the motion to dismiss the appeal. The notice of appeal is as follows:

"In the Circuit Court of the State of Oregon for Jackson County.
"H. M. McFarland, Plaintiff,
v.
John H. Hueners et al., Defendant.
"To the Above-named Plaintiff, H. M. McFarland, and to A. E. Reames and M. Purdin, His Attorneys:
"You and each of you will take notice that the above-named defendant, John H. Hueners, hereby appeals to the Supreme Court of the State of Oregon from the order and judgment made and entered in the above-entitled court and cause on the 20th day of October, 1917, in favor of the plaintiff, H. M. McFarland, and against the defendant John H. Hueners, and from the whole thereof, and particularly from the order of the court directing the jury in said cause to return a verdict in favor of the plaintiff, as prayed for in his complaint, and also from the order of the court in refusing to grant defendant's motion for a nonsuit at the conclusion of plaintiff's case, and from the action of this court denying defts. request to file an amended answer.

"Dated at Medford, Oregon, this 6th day of December, 1917.
"W. E. Crews,
"Attorney for Defendant.
"Due service of the above Notice of Appeal is hereby admitted this 6th day of Dec., 1917.
"A. E. Reames, by A. B. Hinck,
"Attorney for Plaintiff."

As a matter of fact the judgment appears from the transcript to have been formally entered in court on the twenty-fifth day of October, instead of on the twentieth day of October, as described in the notice of appeal.

It is claimed by respondent that on account of this discrepancy in the date, and because it does not otherwise more fully describe the judgment, and does not specifically name the other defendant, Mrs. Hueners, in the title, that it was not sufficient to give this court jurisdiction of the appeal. The cases of *Neppach* v. *Jordan,* 13 Or. 246 (10 Pac. 341); *Crawford* v. *Wist,* 26 Or. 596 (39 Pac. 218); *Hamilton* v. *Butler,* 33 Or. 370 (54 Pac. 200); and *Keady* v. *United Ry. Co.,* 57 Or. 325 (100 Pac. 658, 108 Pac. 197), are cited to sustain that contention. Judged by the rule announced in some of these earlier cases, the notice of appeal in this case might not be sufficient; but we think the later cases in this court, under the later provisions of the statute, are more liberal. An appeal may now be taken by oral notice in open court, and, if not so taken, it may be by written notice, but the statute says:

"It shall be sufficient if it contains the title of the cause, the names of the parties, and notifies the adverse party, or his attorney that an appeal is taken to the Supreme Court * * from the judgment, order, or decree, or some specified part thereof"; Section 550, L. O. L.

In *Raiha* v. *Coos Bay Coal & Fuel Co.,* 77 Or. 275 (143 Pac. 892), Mr. Justice Moore, delivering the opinion of the court, said:

"Under the practice formerly prevailing in this court, a notice of appeal as indefinite as the one under consideration would probably be regarded as insufficient [citing cases relied upon by respondent herein]. The later decisions, however, are to the effect that if, from an inspection of the notice of appeal it can be determined by fair construction or reasonable intendment, and without resort to evidence *aliunde* the transcript, that the appeal is taken from the judgment or decree in a particular case, it

will be sufficient to confer jurisdiction of the cause. * * An oral notice of appeal, given when the judgment or decree is rendered, is now sufficient to secure a transfer of the cause. * * As consonant with this late enactment, the procedure that heretofore obtained, with respect to the manner of inaugurating an appeal, has been so modified as to avoid all technicalities, and a written notice is now held to be sufficient if it complies with the requirements of the statute hereinbefore quoted, and, if from an inspection thereof the adverse party could not have been misled as to the order, judgment or decree undertaken to be reviewed.''

1. We think this a true rule, and that great liberality should be indulged in, in judging the sufficiency of the notice of appeal.

In *Robinson* v. *Phegley,* 93 Or. 299, 303 (177 Pac. 942), it is said:

"This court has always been adverse to dismissing appeals on account of mere technical defects in the notice, where it has been evident that no one could be misled by a slight defect or omission.''

2. It is now well settled that the mere discrepancy in the date of a judgment, as recited in the notice of appeal, is not fatal, where the judgment is otherwise sufficiently identified by the transcript, to inform the adverse party fairly, as to the judgment really appealed from: *Moorhouse* v. *Donica,* 13 Or. 435 (11 Pac. 71); *Salem Traction Co.* v. *Anson,* 41 Or. 562 (67 Pac. 1015, 69 Pac. 675).

3. The only question, therefore, is as to whether or not it appears from the notice of appeal and the transcript, including the bill of exceptions and undertaking, that the judgment brought up in the transcript is really the one appealed from in the notice of appeal, and that the respondent was fairly notified thereof by such notice.

It is certified by the judge of the court below, and appears from the bill of exceptions, that while the judgment in this case was not formally entered until the 25th, the trial was had and the verdict actually directed on the twentieth day of October—the day stated as the date of the judgment in the notice of appeal.

Section 201 of the Code (L. O. L.) provides:

"When judgment is given in any of the cases mentioned in Sections 199 and 200, it shall be entered within the day it is given. When a trial has been had before the court without a jury, judgment shall be entered by the clerk in conformity with the findings within the day the findings are filed. If the trial be by jury, judgment shall be given by the court in conformity with the verdict and so entered by the clerk within the day on which the verdict is returned."

If the clerk had properly performed his duty the judgment would have been entered on the 20th, the same day the verdict was directed and filed, and the day stated in the notice of appeal. The appellant seems to have assumed that what "ought to have been done was done," and that the judgment was actually given on the 20th, as it should have been. Through some oversight of the clerk, the formal entry seems to have been postponed until the 25th.

It also appears from the notice of appeal that the case in which the appeal is taken was one in which there was an instructed verdict in favor of the plaintiff, and it appears from the transcript that such a directed verdict was returned in the case brought up, and which verdict was returned, as we have seen, on the very day stated in the notice of appeal.

4. Under the facts so presented by the transcript, we cannot doubt that the judgment brought up on

the transcript is the one appealed from, and that the respondent was so fully informed by the notice.

There is no intimation that there was any other case pending at that time between McFarland and Hueners, and in the absence of any showing, we cannot assume that there was such another action pending, and that there was a trial and directed verdict in that other action, on the same day as in this cause.

The contention that the appellant's wife was an adverse party upon whom notice of appeal should have been served, presents a very close question, and the previous decisions of this court do not seem to be in complete accord. The following cases seem to support the contention that such a codefendant is an adverse party, upon whom the notice of appeal must be served: *Moody* v. *Miller,* 24 Or. 179 (33 Pac. 402) ; *Templeton* v. *Morrison,* 66 Or. 493 (131 Pac. 319, 135 Pac. 95) ; *D'Arcy* v. *Sanford,* 81 Or. 323 (159 Pac. 567).

The cases of *United States Nat. Bank* v. *Shefler,* 77 Or. 579 (143 Pac. 51, 152 Pac. 234), and *Davis* v. *First Nat. Bank of Albany,* 86 Or. 474 (161 Pac. 93, 168 Pac. 929), seem to hold directly to the contrary.

In this case the two defendants appeared jointly, and united in the same answer. They were both represented by the same attorney, and this attorney prepared and signed the notice of appeal in the cause. It is doubtful if the notice was sufficient, but in the state of the authorities we have concluded to dispose of the case upon the merits. So considering the case, we think the respondent must prevail.

5. The matter set up in the original answer did not amount to a defense. The claim that plaintiff and Lyon had induced the defendant to make the change in the contract by representation, that his liabilities and obligations would be no greater on

the notes and mortgages then executed by him than they would have been under the original arrangement, was at most a misrepresentation as to the law governing the transaction.

In 20 Cyc. 19, Section (b), the law is thus epitomized:

"It is presumed that the law is equally within the knowledge of all persons, and assertions of law, although false, such as misrepresentations as to the legal effect of a particular written instrument or obligation, are as a general rule, regarded as mere expressions of opinion, and cannot be made the basis of an action for deceit."

And again in the same volume on page 54:

"In accordance with the principles above stated, a misrepresentation as to a matter of law made by a vendor as an inducement to the sale is regarded as an expression of opinion which ordinarily does not constitute actionable fraud."

If there are any circumstances in which such fraudulent representations as to the law would constitute a good cause of action, or a good defense, they are not presented in this case.

6. The amendment offered by the defendant, in which he undertook to allege a positive agreement, at the time of the execution of the note, and as a part of that transaction, that plaintiff would rely upon the mortgage alone, and would not assert any personal liability against the maker of the note, would have been no defense unless it was in writing, for it is too well settled to justify the citation of authorities that such an agreement in parol is invalid, and cannot be successfully asserted to vary the terms of a written contract.

Here the agreement sought to be alleged was in the very face of the promissory note, by which the

defendant expressly agreed to make himself personally liable.

As we understand it, there was not at the time of the trial, and is not now, any contention that there was such an agreement as the one sought to be relied on, in *writing;* and if there had been such a contention, it should have been presented to the court upon the application to amend, as, in the absence of such writing, the amendment would be idle and useless. Besides, the amendment presents an absolutely new defense—a positive agreement against personal liability, which had not been at all alleged in the original answer.

7, 8. Assuming that such an amendment would have been admissible at all, at that stage of the proceeding, it was within the sound discretion of the court, and the record does not show such an abuse of discretion as would justify an interference by this court.

In *Pacific Co.* v. *Cronan,* 82 Or. 388, 392 (161 Pac. 692, 693), it is said by Mr. Justice McBRIDE:

"The allowance or refusal of an amendment is largely a matter of discretion of the court, and must depend upon the peculiar circumstances of each particular case; the general rule being that the ruling of the trial court upon the question will not be disturbed unless there is an abuse of discretion or an absolute disregard of some affirmative statute":

See, also, *Sharkey* v. *Portland Gas Co.,* 74 Or. 327 (144 Pac. 1152).

9. As to the sufficiency of the proof of the assignment of the note, it is well settled that an assignment to the plaintiff as collateral security is sufficient title to support a recovery in his behalf.

"Ordinarily the pledgee of a chose in action may sue in his own name. It follows that where nego-

tiable paper is transferred as collateral security, the holder may sue thereon in his own name, either as having the legal title or as being the real party in interest'': 8 C. J. 844, § 1104.

See, also, Neg. Instrument Law, § 5870, L. O. L.

10. The matter of attorneys' fees seems to have been agreed upon by the parties through their attorneys in open court; and we think is binding upon them, and that the defendant is not in a position to complain because an attorney's fee, which he agreed in open court was reasonable and fair, was included in the directed verdict.

The judgment of the court below is affirmed.

AFFIRMED. REHEARING DENIED.

