.Judge Wood
delivered the opinion of the court:
The original records of a court are always evidence, where a copy of them duly certified would be evidence. The exemplification, under the seal of the court, is only made evidence, because the originals must be kept at a particular place, for the use and benefit ■of the public, to whom they belong.
It was of no importance, whether the record of the prosecution .against Ackles was signed by the president judge or not. That *216 signature adds no validity to the record. It is required to be made, that the court shall be compelled, to see that the clerk keeps up the records with the business transacted, as nearly as is practicable. The record made out by the clerk would be evidence, though not signed by the judge. An exemplification of it might properly be made, and sent abroad for use, before such signature. Affixing the signature in court was not necessary, but did not vitiate. There was no error in admitting the record book in evidence.
The second bill of exceptions states very imperfectly the facts complained of, in the admission of the justice’s certified transcripts. We do not perceive the pertinency or relevancy of these transcripts to the issue before the court. Neither do we see wherein they tended to prejudice the accused. The admission of immaterial evidence, unless it is shown that some wrong was or most probably would be affected by it, is no ground for reversing a judgment. 4 Ohio, 81, 388.
The bill of .exceptions points to no injury sustained by the accused, in consequence of such admission. A naked statement of the fact does not warrant this court in making it a ground of . error.
The first position of the third bill of exceptions is erroneous in point of fact. The indictment sets forth the form of the oath in these terms: “The said Josiah Osburn was then and there duly sworn as a witness, as aforesaid, before the said honorable (naming the judges), that the evidence which he should give to the court and jury between the said State of Ohio and the said Wm. Acides, the defendant, on the issue then depending, should be the truth, the whole truth, and nothing but the truth.” We can see no color of exception to admitting the testimony of Smith.
The second branch of the third exception goes to the *admission of the subscription paper for Bigam’s school. Between this paper and the alleged perjury there was a direct connection ; that perjury, as charged in the indictment, related to the place and the time, and the persons present, where and when the accused subscribed it. It was expressly alleged that the accused testified concerning it, and that as to particular facts he testified falsely. The fact that such a paper was signed at all was involved in the issue. Its existence and production was the best evidence of that fact. It was, in our opinion, properly received.
The fourth bill of exceptions seems to us of a captious charac *217 ter. The possession of the record book, by the jury, could be of no importance to the accused. If difference of opinion arose, as to its contents, it was open in the court to be examined. Immediate access could be had to it. No prejudice to the accused could occur from its remaining in court. There is its place, appointed by law, and we are not clear that a party litigant has any right to demand that it be placed elsewhere for his benefit or for his caprice. We can not consider it error that, in this case, the court refused to make an order for delivering it to the jury.
The first assignment of errors contains no ground for reversing the judgment.
We find nothing in the record to sustain the second assignment of error asta matter of fact. No notice is taken of any refusal to sign a bill of exceptions, or of any judge erasing his name after having signed it. The record only is before us, on this writ of error, and we can examine no allegation, in respect to facts, not embodied in it. The same difficulty occurs in respect to the refusal to grant a new trial on the admission of the prosecuting attorney. We find no such admission in the record. We can not say what would be the effect of it if found in proper form. It is possible there might be no error in refusing to grant a new trial, in a criminal case, even upon the admissions of the prosecuting attorney. This court could only determine that by having embodied in the record, by way of bill of exceptions, the entire evidence given to the jury.
The third assignment of error is in the same predicament with the second. The facts alleged are not before us.
Judgment affirmed.