LEMUEL SCOTT, Plaintiff in Error, *v.* AMOS COOK, Defendant in Error.

### *Error to Yamhill.*

Without a bill of exceptions, this court cannot notice errors in the proceedings of the court below, except such as are apparent upon the face of the record.

THIS was an action of assumpsit, brought to the October Term, 1851, of the District Court for Yamhill County; was tried on the general issue, and verdict rendered for plaintiff below. A motion was made in arrest of judgment, and for a new trial, reasons filed, motion overruled, and judgment was entered on the verdict.

*D. Logan*, of counsel for plaintiff in error.

*A. E. Wait*, of counsel for defendant in error.

Scott *v.* Cook.

McFADDEN, J. This case now comes before us for review. No exceptions were taken to the ruling of the court below, in overruling the motion of defendant to set aside the verdict and grant a new trial. As to whether the court erred, it is impossible for us to determine. The record shows no error. The defendant, not having filed any exceptions to the ruling of the court below, so as to make the action of that court, and all the evidence necessary to a correct determination of the question, a part of the record, it is not within the province of a Court of Error to pass upon the questions presented. Section 19 of the act, regulating the practice in the District and Supreme Courts of this territory, provides, that "if any party shall allege an exception to the opinion of the court, and reduce the same to writing, it shall be the duty of the judge to allow the said exception, and to sign and seal the same; and said bill of exceptions shall thereupon become a part of the record of any such cause." The record exhibits the fact that no exceptions were taken in the court below. Some.papers on file in this case exhibit the fact that such a motion was made, with the reasons of counsel; but these constitute no part of the record, and are not examinable in this court. To this effect is the ruling of this court, in the case of *Thompson* v. *Backenstos;* and, in support of this position, the authorities are abundant. (*Wagus* v. *Dickey,* 17 *Ohio Rep.* 429; *Hicks* v. *Pierson,* 19 *Ohio Rep.* 426.)

This court will, however, reverse for error apparent upon the record; and this, whether exceptions be taken to the ruling of the court below or not; and this is the only thing examinable upon a writ of error. (7 *Ohio Rep.* 212.)

Where the record is regularly removed into this court, it is our duty to examine and see if there be error. Unless there be error, clear and palpable, upon the face of the record, this court will not disturb the judgment or decree of the court below.

The record in this case, although made up with negligence inexcusable, presents no such error on its face as would warrant us in reversing the judgment of the court below.

By the statute law of this territory a party, who conceives himself injured by the rulings of the district judge, can always protect himself by forcing such matter into the record, and making it a part thereof, so as to give himself the benefit of a review of the proceedings in a Court of Error. Should he fail to do this, by the exercise of the proper vigilance, he cannot complain that a Court of Error refuses to reverse the judgment or decree of the court below, when no errors are made apparent upon the record. It is also assigned for error, that the record shows a previous verdict for the defendant, not disposed of at the time final judgment was rendered. The record exhibits the fact, that the parties were in court when the case was called up for trial. A verdict was found for the plaintiff below, and judgment was rendered thereon. This judgment is the final judgment in the case; and the plaintiff in error is concluded, by his own act of consent in going into trial, from the assignment of this informality for error.

Judgment below affirmed.