Argued January 12, affirmed February 1, 1916.

## KAY *v.* PORTLAND.

(154 Pac. 750.)

**Appeal and Error—Necessity for Bill of Exceptions.**

1. Where no bill of exceptions was prepared or filed by appellant, the only matters before the appellate court are the pleadings and findings of the lower court.

**Municipal Corporations — Removal of Patrolman by Commission Within Period of Probation.**

2. Section 313 of the Portland City Charter provides for an examination of new candidates for positions in the various departments of a city, and permits the civil service commission to establish a rule fixing the period of probation, and further provides for the protection of persons who have been in such service for the period of six years immediately preceding the taking effect of the charter, provided such appointee should, within 30 days after the charter had gone into

effect, make satisfactory proof of said service, he should be certified by the civil service commission as eligible to appointment and be forthwith ·appointed, and while Section 317 of the charter declares that the person so appointed could not be discharged without a hearing, if he demanded such hearing seasonably, *held* that plaintiff having voluntarily resigned, and thereby severing his official relations with the city for a period of three years, could not after examination and reappointment as an officer of the police department of defendant avail himself of the temporary rule set forth in Section 313 of the charter, authorizing the appointment of persons who had previously served for six years, without examination, which by its own terms became inoperative 30 days after the taking effect of the charter and the appointment of the civil service commission, he must come under the same rule as a new applicant and for the period of probation; hence his removal without a hearing was not improper or in violation of Section 317 of the charter.

[As to what is cause for removal from office, see note in 135 Am. St. Rep. 256.]

**Evidence—Rules of Commission, Like Ordinances, must be Pleaded— Judicial Notice.**

3.  Rules of the civil service commission of a city that are not pleaded in the court below or brought to the appellate court by proper bill of exceptions cannot be considered, for, like ordinances of cities, they must be pleaded, as they are not subjects of judicial notice.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 1.    Statement by MR. JUSTICE McBRIDE.

This is an action by Thomas Kay against the City of Portland to recover $1,300 alleged to be due him for services as patrolman on the police force of the City of Portland.    The complaint alleged, in substance, that about nine years before the ―― day of ――, 1914, plaintiff was employed as a patrolman, and served as such for about six years, during which time he was promoted to the office of sergeant of police, and that about three years before the filing of the complaint herein he voluntarily resigned; that in April, 1912, he made application in the classified civil service of the defendant, in accordance with the ordinances, rules and regulations adopted and enforced in said city, to be reinstated to any vacancy in the police department of the defendant, and was thereafter duly

and regularly recommended, reinstated and permanently appointed to the office of police sergeant of detectives in the said police department, all under the rules and regulations of the classified civil service; and that by said reinstatement he became a public officer of said defendant, and was and is entitled to all the rights, privileges and emoluments of such office. Plaintiff avers that, as such police sergeant of detectives, he was employed by defendant and paid as a salary $125 a month; that he was paid said salary each month from the 1st day of May, 1912, until the 1st day of September, 1912, at which time he was reduced in rank, without fault on his part, his consent, or a trial, from the position of sergeant of detectives to patrolman at a decreased salary of $100 a month; that he was employed by defendant and occupied said office of patrolman from the 1st day of September, 1912, until the 8th day of October, 1912, when, while plaintiff was such employee of defendant, without any fault on his part, the defendant city, acting through its chief of police, dismissed the plaintiff from his said office, contrary to law and without any cause or hearing, and refused to permit him to perform any work or duties connected with his said office as patrolman or otherwise, and wrongfully and without cause excluded plaintiff from his said office and prevented him from performing the duties thereof; that on the 11th day of October, 1912, while plaintiff was so employed, the executive board of defendant removed and discharged the plaintiff from his said office of patrolman, wholly without cause or fault on his part, and without notice to him, and without an opportunity for him to be heard; that no written statement of the cause of his removal and discharge was prepared and served upon him, although he duly demanded a copy of the same,

nor was any written notice of the cause of plaintiff's removal and discharge in general terms, or otherwise, ever served at any time upon plaintiff or copy thereof filed with the civil service commission of said city, or elsewhere; that plaintiff was given no notice to appear and answer any charges whatever; that he was not permitted to serve longer as a patrolman, or otherwise, but was prevented therefrom by the executive board of the defendant; that the action of said executive board in making plaintiff's dismissal and discharge is and was against his wishes, and without his consent, and wholly without his cause and fault. It is further alleged that plaintiff made application to the civil service commission to investigate the reasons for his discharge, which request was refused. Then follow allegations of plaintiff's readiness and willingness to perform his duties and other matters not material on this appeal.

The city answered admitting that plaintiff had been employed as a patrolman as alleged, and that he had resigned that position about three years before the commencement of the action, making a qualified denial of all the other allegations of the complaint, and by way of a further and separate answer alleging: That on May 8, 1903, plaintiff was appointed to the position of police officer in accordance with the civil service provisions of defendant's charter. That on March 26, 1909, he voluntarily resigned from such position. That on March 2, 1912, he made application to be again appointed to a position in the classified civil service, and was reinstated on the eligible list on said day in accordance with defendant's charter. That thereafter, a vacancy occurring, the civil service commission certified the names of three eligible candidates, including that of plaintiff, and on May 1, 1912, the executive

board appointed plaintiff to such vacant position on probation. That the charter of defendant provides: ''The appointing authority shall appoint to each vacant position on probation for a period· to be fixed by the rules one of the candidates so certified. Within such period the appointing authority may discharge such probationer, and, in like manner, appoint another of such candidates, and so continue until all said candidates have been so appointed.'' That pursuant to such authorization the civil service commission adopted a rule providing that the period of probation should be six months from and after the date of appointment. That thereafter, on the 11th day of October, 1912, plaintiff was discharged by the executive board.

Plaintiff filed a reply admitting that he had served as alleged up to March, 1909, and that at said date he voluntarily resigned, and that on March 2, 1912, he applied for appointment under civil service rules and was reinstated. The reply admitted the appointment on the 1st day of May, 1912, and that he was dismissed, but denied knowledge or information sufficient to form a belief as to whether the civil service rules of defendant prescribed a six months' period of probation, and all other affirmative allegations of the answer. Upon a trial had without a jury the Circuit Court made the following findings and conclusions:

''Defendant is a municipal corporation organized and existing under and by virtue of an act of the legislative assembly entitled, 'An act to incorporate the City of Portland, Multnomah County, State of Oregon, and to provide a charter therefor, and to repeal all acts or parts of acts in conflict therewith,' filed in the office of the Secretary of State, January 23, 1903, and acts amendatory thereof. On the 1st day of May, 1912, the executive board of the defendant appointed plaintiff to a position in the police department, in accordance with the civil service provisions of defendant's

charter and the rules enacted in pursuance thereof by civil service board. Prior to plaintiff's appointment, to wit, on the 11th day of October, 1905, the civil service board of defendant adopted a certain rule known as the civil service rule 7, being as follows: 'Period of probation. Each appointment shall be made on probation for a period of six months from date of appointment.' On the 11th day of October, 1912, and within the six months' period fixed by said rule 7 of the civil service board, plaintiff was discharged by executive board from the service of defendant. During all the time that plaintiff was a duly appointed, qualified and acting officer in the police department of the defendant he was paid and he received all of the emoluments incident to such office. Since the date of his discharge plaintiff has not at any time been a duly appointed, qualified and acting officer of the defendant. Based upon such findings of fact the court makes the following conclusions of law. Plaintiff was validly and lawfully discharged from the service of defendant. Plaintiff is not entitled to recover from defendant, and his complaint should be dismissed without prejudice against him. Defendant is entitled to a judgment against plaintiff for costs and disbursements incurred in the defense of this action."

There was a judgment for defendant, and plaintiff appeals.                                        AFFIRMED.

For appellant there was a brief over the names of *Mr. Claude McColloch* and *Mr. Oswald West,* with an oral argument by *Mr. McColloch.*

For respondent there was a brief over the names of *Mr. Henry A. Davie* and *Mr. Walter P. La Roche,* City Attorney, with an oral argument by *Mr. Davie.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

1. There is no bill of exceptions in this case, and the

only matters before us are the pleadings and findings of the court: *Lewis* v. *Clark,* 66 Or. 461 (134 Pac. 1194).

2. This narrows the case down to a single issue: Was the plaintiff a probationer within the meaning of Sections 313 and 317 of the charter? If he were not, his discharge without a hearing was, under the circumstances shown in the complaint, unjustified. The sections referred to, so far as they affect the present proceeding, are as follows:

"Whenever there shall be a vacancy in any position in the classified civil service, the appointing authority shall immediately notify the commission thereof. The commission shall thereupon certify to such appointing authority the names and addresses of the three eligible candidates standing highest upon the register for the class or grade to which such position belongs, but, if there be less than three, the commission shall so certify all such candidates upon the register. When vacancies exist in two or more positions of the same class in the same department at the same time, the commission may certify a less number than three candidates for each position, but those certified must be the eligible candidates standing highest upon the register. The appointing authority may require the candidate so certified to come before him, and shall be entitled to inspect their examination papers. The appointing authority shall appoint to each vacant position, on probation for a period to be fixed by the rules, one of the candidates so certified. Within such period, the appointing authority may discharge such probationer, and, in like manner, appoint another of such candidates, and so continue until all said candidates have been so appointed; but the appointing authority must make permanent appointment from said list of candidates unless, upon reasons assigned in writing by the appointing authority, the commission consents to and does certify a new list of candidates. If any probationer is not discharged within the period of probation, his appointment shall be deemed permanent. Any person who has been employed in any one depart-

ment of the public service of the city for the six years immediately preceding the taking effect of this charter shall, upon making satisfactory proof of such employment to the commission, within thirty days after its appointment, provided the position which he occupies at the time this charter goes into effect is included in the classified civil service, be certified by the commission to the appointing authority for that position as entitled to appointment, and such appointing authority shall forthwith appoint said person to such position. The appointing authority shall immediately notify the commission of any appointment or discharge. * * No employee in the classified civil service who shall have been permanently appointed under the provisions of this article shall be removed or discharged except for cause, a written statement of which, in general terms, shall be served upon him and a duplicate filed with the commission. Such removal or discharge may be made without any trial or hearing. Any employee so removed may within ten days from his removal file with the commission a written demand for investigation. If such demand shall allege, or if it shall otherwise appear to the commission that the discharge or removal was for political or religious reasons, or was not in good faith, for the purpose of improving the public service the matter shall forthwith be investigated by or before the commission, or by or before some officer or board appointed by the commission to conduct such investigation. The investigation shall be confined to the determination of the question of whether such removal or discharge was or was not for political or religious reasons, or was or was not made in good faith for the purpose of improving the public service. The burden of proof shall be upon the discharged employee. On such grounds the commission may find that the employee so removed is entitled to reinstatement upon such conditions or terms as may be imposed, by the commission, or may affirm his removal. The findings of the commission, or such officer or board, when approved by the commission, shall be certified to the appointing officer and shall be forthwith enforced by such officer."

Section 313 provides first for an examination of new candidates for positions in the various departments of the public service, and permits the commission to make a rule fixing the time for service upon probation, which in this instance is shown to be six months. For the protection of persons who had already been in the service for a period of six years immediately preceding the taking effect of the charter, it was provided, in substance, that if such person should within 30 days after the charter had gone into effect make satisfactory proof of such service, he should be certified by the commission to the appointing authority as eligible to appointment and should be forthwith appointed to the position. It was evidently intended that this should be a permanent appointment, from which, under the provisions of Section 317, the person appointed could not be discharged without a hearing if he demanded it seasonably. That portion of Section 313 providing for appointment without examination of persons who had previously served for six years was by its terms temporary in its duration, and applied only to those officers or employees who should see fit to avail themselves of it within 30 days next succeeding the appointment of the commission. That period having long ago elapsed, it is inapplicable. It would seem to follow logically that plaintiff, having voluntarily resigned and severed his official relations with the city for a period of three years, cannot avail himself of this temporary rule, which by its own terms became inoperative 30 days after the appointment of the civil service commission, but must come in as a new applicant and a probationer.

3. Reference is made in the brief to certain rules of the civil service commission, but, as they are not set out or pleaded in the complaint, and are not brought here by a bill of exceptions, we cannot consider them.

Even ordinances of cities must be pleaded, as they are not subjects of judicial notice, much less the rules of a subordinate branch of the city government. This view of the case renders a consideration of the other matters urged in the briefs of the respective counsel unnecessary.

The judgment is affirmed.                    AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.

MR. JUSTICE BENSON not sitting.