Argued February 13, affirmed February 19, 1924.

## J. H. CUMMINGS *v.* CENTRAL OREGON BANK AND E. P. MAHAFFEY.

(223 Pac. 236.)

**Contracts—"Consideration" Defined.**

1. Consideration is a benefit to the party promising or a loss or detriment to the party to whom the promise is made.

**Master and Servant—Complaint Held to State a Cause of Action for Wages and Attorney's Fees.**

2. A complaint alleging that plaintiff at the special instance and request of one holding a chattel mortgage on cattle performed labor caring for and feeding the cattle of the reasonable value of $956.97, *held* to state a cause of action for wages and for attorney's fee under Section 6799, Or. L.; promisor's benefit being the labor, and promisee's detriment being loss of time and labor.

**Appeal and Error—Assumed That Plaintiff Appellee Performed Services Where No Testimony Brought Up.**

3. In an action for wages where defendant appellant brought up no testimony on appeal, the performance of the services would be assumed.

**Master and Servant—Evidence of Notice of Intention to Discontinue Services for Another Held Immaterial.**

4. In an action for wages as caretaker for cattle, defendant's evidence that prior to the employment plaintiff had tended the same cattle for another and notified defendant he would not continue such employment was immaterial, in the absence of proof that defendant's promise was collateral.

From Deschutes: T. E. J. DUFFY, Judge.

Department 2.

This is an action to recover the sum of $950.97 for labor performed and for attorney's fees. The cause was tried to the court and a jury, and a verdict rendered in favor of plaintiff. From a resulting judgment defendant appealed.          Affirmed.

For appellant there was a brief and oral argument by *Mr. Ross Farnham.*

For respondent there was a brief and oral argument by *Mr. W. P. Myers.*

BEAN, J.—Defendants assign error of the court in rendering a judgment in favor of plaintiff for the reason that the complaint does not state a cause of action. This is the only assignment of error.

Plaintiff alleges in his complaint, in substance, the following facts:

The corporate character of the defendant bank: that on or about the first day of January, 1920, the defendants employed the plaintiff to care for and feed and look after a band of about 187 head of cattle belonging to one John Hays, and upon which cattle defendant, the Central Oregon Bank, held a mortgage for a large sum of money and at which time defendant E. P. Mahaffey was an officer of an agent of the bank and that defendants agreed to pay plaintiff his reasonable wages for caring for said cattle.

Between the first day of January, 1920, and the first day of January, 1921, the plaintiff, at the special instance and request of the defendants, and for which they agreed to pay, performed labor in caring for and looking after said cattle and feeding them, of the reasonable value of $956.97; that said sum is

now due plaintiff together with interest at the rate of 6 per cent per annum from the first day of January, 1921. The plaintiff gave the defendants more than three days' notice of his intention to discontinue his services before discontinuing the same, and demanded payment of his reasonable wages from defendants; that the payment thereof has been refused by defendants and each of them, and that the above-mentioned sum remains due and unpaid.

That the sum of $150 is a reasonable sum to be allowed by the court as attorney's fees in this action for the use and benefit of the plaintiff.

The complaint was not challenged by demurrer or motion. The defendants answered admitting the corporate character of the defendant bank and admitting that the bank held a mortgage upon the cattle; that E. P. Mahaffey was an official of the bank and denied the other allegations of the complaint. The jury rendered a verdict for the amount prayed for, for which the judgment was entered. Defendants contend there was no consideration for the contract of employment of the plaintiff.

1. Counsel for defendant in his brief correctly defines consideration thus: ''Consideration is a benefit to the party promising, or a loss or detriment to the party to whom the promise is made.'' The contract of employment and the performance thereof cover both phases of the definition given by the learned counsel.

2. The benefit to be derived by the defendants was the labor in caring for the cattle upon which the bank held a mortgage and in which cattle the defendants were interested. The detriment to the plaintiff to whom the promise was made was the loss of his time and labor in caring for the cattle.

See 1 Williston on Contracts, Section 102A, where it is stated:

"Benefit and detriment have a technical meaning. Neither the benefit to the promisor nor the detriment to the promisee need be actual. 'It would be a detriment to the promisee, in a legal sense, if he, at the request of the promisor and upon the strength of that promise, had performed any act which occasioned him the slightest trouble or inconvenience, and which he was not obliged to perform.' * * "

Section 113, Williston on Contracts, reads thus:

"It is well settled that whether a benefit to the promisor is or is not sufficient consideration, a detriment to the promisee is. This is equivalent to saying that if the promisee parts with something at the promisor's request, it is immaterial whether the promisee receives anything, and necessarily involves the conclusion that the consideration given by the promisee for a promise need not move to the promisor, but may move to anyone requested by the offer. * * "

3, 4. The defendants had an undoubted right to employ the plaintiff to perform the services, which are alleged to have been rendered, and as there is no testimony brought up to this court, it must be assumed that the testimony showed they were rendered by the plaintiff. The point urged by defendant is not well taken. It appears in the record that prior to the time of employment of plaintiff by the defendants the plaintiff was in charge of and cared for the cattle for John Hays, and that he refused to continue such labor and so notified the defendants. This fact does not change the situation. No question is raised in the record in regard to the promise being a collateral one, or a promise by defendants

to pay the debt of anyone else. It is fairly alleged to be the contract of the defendants. The complaint undoubtedly states facts sufficient to constitute a cause of action.

Section 6799, Or. L., provides, among other things, that in any action for the collection of wages, if it is shown that such wages were not paid for a period of forty-eight hours after demand for the payment thereof, the court shall upon entering judgment for plaintiff, include in such judgment in addition to the costs and disbursements, a reasonable sum for attorney's fees for prosecuting the action, unless it shall appear that such employee willfully violated his contract of employment; provided that in case of an employee voluntarily quitting an employment, such employee shall have given not less than three days' notice of his intention to quit his employment.

The judgment of the lower court is therefore, affirmed.                                        Affirmed.

Brown, McCourt and Rand, JJ., concur.