Argued at Pendleton October 26, affirmed December 30, 1925.

### AARON WADE *v.* W. E. JONES.

(241 Pac. 990.)

**Appeal and Error—In Absence of Bill of Exceptions or Transcript of Evidence, Appellate Court cannot Review Alleged Errors.**

1.  Where record contains no bill of exceptions nor transcript of evidence, it is impossible for the Supreme Court to examine alleged errors to determine whether motion to direct verdict was proper.

**Appeal and Error—In Absence of Record Supreme Court Assumes That Motion to Direct Verdict was Properly Refused.**

2.  In absence of the record, Supreme Court must assume that evidence was rightfully received, motion to direct verdict properly refused, and instructions lawfully given.

Appeal and Error, 4 C. J., p. 735, n. 27, p. 757, n. 44, p. 766, n. 3, p. 768, n. 30.

From Wallowa: J. W. KNOWLES, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Daniel Boyd.*

For respondent there was a brief over the name of *Messrs Burleigh & Burleigh,* with an oral argument by *Mr. J. A. Burleigh.*

BROWN, J.—This action arose out of the disposi-tion of the proceeds derived from the sale of a band

of sheep. The defendant Jones entered into a contract of sale with one Omer Stubblefield, whereby he agreed to sell and Stubblefield agreed to buy a band of sheep, title to which was to remain in Jones until the purchase price was fully paid. Thereafter the price of sheep went down and Stubblefield's credit was weakened, with the result that he was unable to care for the sheep. He notified Jones of his inability to perform the contract. A meeting was had between them, and Stubblefield claims that, as a result thereof, the original contract was rescinded by mutual agreement and a new contract made between the parties whereby Jones agreed to a purchase price of $8 per head, which constituted a substantial reduction in price. Later on, and before any controversy arose relating to the rescission of the original contract, the sheep were sold by Stubblefield and Jones to a third party and the purchase price was paid over to Jones, who retained the whole thereof as being due under his original contract with Stubblefield. Stubblefield claimed that more than $2,000 was due him by virtue of the new contract. Jones denied the existence of a new contract.

Stubblefield was indebted to the plaintiff herein in the sum of $2,500, and he had secured this indebtedness by giving the plaintiff a chattel mortgage, subject, however, to Jones' lawful rights. The plaintiff brought this action upon the theory that the original contract between Jones and Stubblefield had been rescinded and a new contract made under the terms of which more than two thousand dollars was due and owing Stubblefield from Jones by reason of the sale of the sheep. From a judgment in favor of the plaintiff, defendant appeals, assigning error of the

court in refusing to sustain his motion for a directed verdict, and in instructing the jury.

1, 2. The record containing no bill of exceptions or transcript of evidence, it is impossible for this court to examine the alleged errors in order to determine whether the motion to direct a verdict was proper. In the absence of the record, we must assume that the evidence was rightfully received, the motion properly refused, and the instructions lawfully given: *Scott* v. *Cook*, 1 Or. 24; *Kearney* v. *Snodgrass*, 12 Or. 311 (7 Pac. 309); *State ex rel. Mitchell* v. *Rider*, 78 Or. 318 (145 Pac. 1056, 152 Pac. 497); *Kay* v. *Portland*, 79 Or. 146 (154 Pac. 750); *Kapischka* v. *Tillamook Hotel Co.*, 86 Or. 498 (168 Pac. 938); *Meridianal Company* v. *Burne*, 87 Or. 324 (160 Pac. 1151, 170 Pac. 521); *Gellert* v. *Bank of California Nat. Assn.*, 107 Or. 162 (214 Pac. 377); *Cummings* v. *Central Oregon Bank et al.*, 110 Or. 101 (223 Pac. 236).

This case is affirmed.                AFFIRMED.