IN THE TAX COURT OF THE
STATE OF OREGON

ATLANTIC RICHFIELD COMPANY
*v.*
DEPARTMENT OF REVENUE
(TC 3879)

Henry C. Breithaupt and Robert T. Manicke, Stoel Rives LLP, Portland, represented Plaintiff (taxpayer).

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented Defendant (department).

Decision for Defendant rendered July 9, 1997.

**CARL N. BYERS, Judge.**

This appeal challenges the retroactive feature of a 1993 Oregon corporate excise tax law on the grounds that it violates provisions of both the Oregon and United States Constitutions. The parties stipulated the facts and submitted the matter to the court on Plaintiff's Motion for Summary Judgment.

## FACTS

Atlantic Richfield Company (ARCO), a Delaware corporation, is headquartered in California and does business in the United States and in several foreign countries. ARCO includes members of a unitary group of companies which also conduct business in Oregon and elsewhere. For the tax years 1985 through 1988, ARCO was required to and did report gains from the sale of stock in combined or consolidated subsidiaries, with the basis in such stock reflecting adjustments required under federal income tax law. At the time of filing its returns, ARCO was unaware that ORS 317.356(1)(e) and its accompanying rule allowed the calculation of a higher basis in the stock, which would result in additional realized and recognized losses. The Department of Revenue conducted an audit of ARCO's returns. During the course of that audit, the department informed ARCO of ORS 317.356(1)(e). However, before ARCO filed refund claims to take advantage of the basis calculations under ORS 317.356(1)(e), the 1993 Oregon Legislature retroactively repealed ORS 317.356(1)(e). The law provided that the repeal applied as follows:

"The amendments to ORS 317.356 by section 44 of this Act deleting ORS 317.356(1)(e) (1991 Edition) apply to dispositions or transactions that occur during tax years beginning on or after January 1, 1993, *and to dispositions or transactions open to audit, or with respect to which an appeal is pending, on the effective date of this Act.*" Or Laws 1993, ch 726, § 55.

This retroactive repeal affected ARCO's 1985 through 1988 tax years because they were open to audit or on appeal on the effective date of the act. Undeterred by this legislative action, ARCO filed refund claims for 1985, 1987, and 1988 based on the law prior to its repeal. The department denied the refund claims and ARCO appealed to this court.

## ISSUE

Does the retroactive repeal of ORS 317.356(1)(e) violate provisions of the Oregon Constitution or the United States Constitution?

## ANALYSIS

ARCO first contends that retroactive amendment of the law violates Article I, section 10, of the Oregon Constitution. The relevant portion of that provision states:

"[E]very man shall have remedy by due course of law for injury done him in his person, property, or reputation."

ARCO asserts that it is entitled to a remedy for invalidly assessed taxes. ARCO reasons that agreeing to extensions of the audit period are part of its remedy and that a retroactive law which penalizes those who have exercised this "procedural remedy" violates the constitutional provision. The department responds that by giving the Internal Revenue Service an extension, ARCO automatically extended Oregon's audit period. The department also asserts that ARCO did not elect "any remedy" of this state and had not asked for a refund before ORS 317.356(1)(e) was repealed.

■ The court concludes that extensions of time for audit are not part of the required constitutional "remedy" for appealing invalidly assessed taxes. An extension is simply a

method of cooperating between the taxpayer and the government for their mutual benefit. Until the government completes the audit or assesses a tax, no remedy is needed. A remedy is needed only after the government asserts an additional tax or denies a refund. In any case, the constitutional provision only protects against the denial of a remedy. Here, taxpayer has not been denied any remedy. It has only been retroactively denied a deduction. As the Supreme Court has stated:

> " 'Article I, § 10, Oregon Constitution, was not intended to give anyone a vested right in this law * * * nor was it intended to render the law static[;] * * * [the only limitation on the] legislature [is that it] cannot * * * abolish a remedy and at the same time recognize the existence of a right[.]' " *Hale v. Port of Portland*, 308 Or 508, 521, 783 P2d 506 (1989) (quoting *Noonan v. City of Portland*, 161 Or 213, 249, 88 P2d 808 (1939)) (alterations and omissions in the original).

Although the repeal impacts those taxpayers who exercised a remedy and appealed, it does not deprive them of a remedy. Consequently, it does not violate Article I, section 10, of the Oregon Constitution. ARCO has not shown that any remedy has been denied.

ARCO contends that retroactive legislation which affects only taxpayers open to audit or on appeal chills or discourages taxpayers from exercising their constitutionally guaranteed remedies. Under our income tax system, taxpayers are given many options that may enlarge or diminish their tax liability. Taxpayers have no vested right in tax deductions or accounting techniques. ARCO's position would deprive the legislature of the power to make specific retroactive changes in the tax laws because of a general fear of inhibiting taxpayers from exercising their rights of appeal. Such a result is neither reasonable nor required under the constitution.

ARCO next contends that, under Article I, section 32, of the Oregon Constitution, the legislature may not make a statute retroactive beyond the beginning of the session of the legislature enacting the statute. Article I, section 32, provides, in part:

"No tax or duty shall be imposed without the consent of the people or their representatives in the Legislative Assembly * * *."

ARCO argues that, under this constitutional provision, a legislative assembly only represents the electorate of the last election and cannot represent people of the past. ARCO construes section 32 to require a direct relationship in time between the people and their representatives. ARCO cites no authority for this novel argument. Under the Oregon Constitution, the people have delegated their legislative powers to elected representatives. There is no question that in 1993, the people could retroactively impose a tax on themselves. That being the case, the court sees nothing in principle which would prevent the elected representatives of those same people from retroactively imposing a tax. The consent of the people is inherent in the constitution, not embodied in individual representatives. Moreover, ARCO is construing section 32 contrary to case authority. The Oregon Supreme Court has stated:

"The fact that the act is retroactive in nature will not defeat the validity of the reassessment, because our Constitution contains no inhibition against retroactive legislation." *Fisher et al. v. City of Astoria*, 126 Or 268, 286, 269 P 853 (1928).

ARCO also believes that the retroactive feature of the law violates: (1) Article I, § 20, the Privileges and Immunities Clause of the Oregon Constitution; (2) Article I, § 32 and Article IV, § 1, the Uniformity Clauses of the Oregon Constitution; and (3) the Equal Protection Clause of the United States Constitution.

■ ARCO contends that retroactively repealing ORS 317.356(1)(e) restricts its fundamental right to petition government for relief and therefore the provision is subject to strict judicial scrutiny. The court rejects this contention for the reasons set forth above. Agreeing to an extension of the audit period is not invoking the taxpayer's fundamental right to petition the government for relief and, as a result, does not merit "strict judicial scrutiny."

■ ARCO also contends that the retroactive feature is not rationally related to a legitimate government interest.

ARCO asserts that the class "taxpayers open to audit or on appeal" is arbitrary and unrelated to a legitimate government interest. However, wide discretion is given to the legislature to classify and distinguish subjects of legislation. As stated in *FCC v. Beach Communications, Inc.*, 508 US 307, 113 S Ct 2096, 124 L Ed 2d 211, 221 (1993):

> "Whether embodied in the Fourteenth Amendment or inferred from the Fifth, equal protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices. In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."

In this instance, the legislature intended to apply the law to taxpayers still open to dispute and settle the basis question, rather than having the open cases go through the courts and the courts determine the issue. Its choice of classifications, *i.e.*, taxpayers open to audit or pending on appeal, was a decision to apply the law to taxpayers whose expectations were not settled or fixed. Such a distinction is a rational basis and within the legislative prerogative.

■ Finally, ARCO claims that the retroactive features of the law violate the Due Process Clause of the United States Constitution. In taking this position, ARCO relies upon *United States v. Carlton*, 512 US 26, 114 S Ct 2018, 129 L Ed 2d 22 (1994). In that case, the Supreme Court upheld a retroactive amendment of the federal estate tax law. In reliance upon the prior law, the taxpayer had purchased stock and, two days later, sold the stock to the same corporation's employee stock-ownership plan, thereby qualifying for an estate tax deduction under IRC § 2057. Approximately one year later, Congress amended IRC § 2057 and made its application retroactive by a little more than a year. As amended, the taxpayer no longer qualified for the deduction. The taxpayer contended that such a retroactive change in the law violated the due process requirements. In upholding the retroactive change, the court noted that the test is whether the "retroactive application is so harsh and oppressive as to transgress the constitutional limitation." *Id.*, 129 L Ed 2d at

28. The court noted that the harsh and oppressive formulation is no different from the "arbitrary and irrational" standard that applies to legislation concerning economic relationships. *Id.* In *Carlton*, the retroactive amendment of the statute was seen as a "curative measure" to correct a mistake. Unless corrected, the statute would have resulted in a revenue loss 20 times greater than anticipated. The court found no improper motive in Congress correcting its error. The court also noted that Congress acted promptly and established only "a modest period of retroactivity." *Id.* at 29. In responding to the taxpayer's argument that he had relied upon the law prior to its amendment, the court stated that reliance alone is not sufficient to violate due process because "[t]ax legislation is not a promise, and a taxpayer has no vested right in the Internal Revenue Code." *Id.* at 30.

■ Legislation adjusting the benefits and burdens of economic life are presumed constitutional, even when retroactive. *Usery v. Turner Elkhorn Mining Co.*, 428 US 1, 96 S Ct 2882, 49 L Ed 2d 752 (1976). The standard set forth by the United States Supreme Court for application of the Due Process Clause to retroactive legislation merits repeating.

> "Provided that the retroactive application of a statute is supported by a legitimate legislative purpose furthered by rational means, judgments about the wisdom of such legislation remain within the exclusive province of the legislative and executive branches[.]
>
> "* * * * *   ʼ
>
> "[R]etroactive legislation does have to meet a burden not faced by legislation that has only future effects. * * * But that burden is met simply by showing that the retroactive application of the legislation is itself justified by a rational legislative purpose." *Pension Benefit Guaranty Corp. v. Gray & Co.*, 467 US 717, 729-30, 104 S Ct 2709, 81 L Ed 2d 601, 611 (1984).

■ In connecting Oregon's corporate excise tax law to federal income tax law in 1983, the legislature was unable to anticipate all of the issues that would arise as a result of the connection. In anticipation of problems due to the connecting to federal law, the legislature enacted a statutory provision to avoid double taxation and under taxation. *See* ORS 317.725.

However, because of the extreme complexity of consolidated reporting for multi-layered corporations, the most expert and knowledgeable advisors were uncertain as to how some changes would play out. The scope and complexity of national and multi-national or international corporations is such that only after a number of years can the legislature become aware of problems created by the connection. In this case, the issues were not discovered until the department started auditing the returns. The ultimate question then is whether the legislature has a rational purpose in making the changes retroactive. The court concludes that it did.

Once the legislature became aware of the issues discovered by audit, it was appropriate for it to determine how those issues should be resolved rather than leave them for the courts. By determining to make the amendments retroactive to those corporations still open to audit or on appeal, the legislature avoided gaps in the accounting for gains and settled the issue for open cases so that court actions were avoided. Based on the information presented to it, it appears the legislature believed that overall, most corporations would be benefitted by the change. *See Minutes of the Senate Committee on Revenue and School Finance*, July 13, 1993, tape 250, side A. Taxpayer further complains that the period of retroactivity violates the Due Process Clause because it exceeds a modest period and is not limited. However, the United States Supreme court has upheld retroactive economic legislation going back six years as being rational. *See General Motors Corp. v. Romein*, 503 US 181, 112 S Ct 1105, 117 L Ed 2d 328 (1992). In *General Motors Corp. v. Romein*, the Supreme Court upheld against due process claims a 1987 Michigan workers' compensation statute that clarified the payments required under a 1981 statute. *Id.*, 117 L Ed 2d at 340. The court held that the retroactive provision was a rational means of meeting the legislature's legitimate objectives. The holding required the petitioners to refund to disabled employees nearly $25 million withheld in reliance on the 1981 statute. *Id.*

In addition, a retroactive statute without a specific time limit is not necessarily constitutionally infirm. In *Usery v. Turner Elkhorn Mining Co.*, the Supreme Court upheld a retroactive feature of the Black Lung Benefits Act of 1972.

*Usery*, 49 L Ed 2d at 766-69. The Act imposed liability on mine operators for sicknesses arising out of employment in a mine for which the operator was responsible. Liability was imposed even if the miner had left the particular mine before the date of the Act. No time cap was imposed, although the operators were only liable for claims submitted from January 1, 1974, to December 30, 1981. The court upheld the retroactive feature as being a rational way of spreading the costs of miners' disabilities to those who profited from the fruits of their labor. Whether a broader cost-spreading scheme would have been wiser or more practical was not a question the court considered to be of constitutional dimension.

Likewise, here, making the repeal retroactive is a rational way of settling the basis question for all active cases. Accordingly, the court concludes that the legislature did not violate the Due Process Clause of the United States Constitution in making the amendments to ORS 317.356 retroactive. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied. Costs to neither party.