No. 45          February 6, 2014          347

IN THE OREGON TAX COURT
REGULAR DIVISION

Dona L. KLINGER,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5113)

Plaintiff (taxpayer) appealed to the Magistrate Division regarding a decision of Defendant (the department) disqualifying her from the Senior and Disabled Property Tax Deferral Program. The matter was then specially designated to the Regular Division of the tax court. Granting the department's motion for summary judgment, the court ruled that on the record before the court, there was only one tax year at issue in the case, and that the only statutory provision at issue was that of disqualification of a property that had not been the homestead of taxpayer for the requisite five-year period. Because the only relevant issue was that the property in question had not been the homestead of taxpayer for at least five years, measured either from her original application or from the beginning of the 2011-12 tax year, the property was not eligible for benefits under the Deferral Program for that year, and thus had been properly disqualified. The court further ruled that taxpayer's claim that she was the beneficiary of a statutory contract is without merit because there was no unambiguous expression of a legislative intention to create a contract and the statutory elements of a contract, including consideration, were not present. Taxpayer could not and did not point to any consideration by her that would support a promise of continued participation in the Deferral Program on unchanging terms.

Oral argument on cross-motions for summary judgment was held in the courtroom of the Oregon Tax Court, Salem, on July 22, 2013.

Dona L. Klinger, Plaintiff (taxpayer), filed the cross-motion and argued the cause *pro se.*

Melisse S. Cunningham, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant (the department).

Decision for Defendant rendered February 6, 2014.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This property tax case is before the court on the motion of Defendant Department of Revenue (the department) for

summary judgment. At an earlier hearing on the motion, the court granted the motion of the department as to certain claims. There followed further development of the record and briefing and the court is now in a position to rule on the motion of the department as it relates to remaining claims.

This case involves questions about the qualification of Plaintiff (taxpayer) and her residence for participation in the Senior and Disabled Property Tax Deferral Program (the Deferral Program) for tax year 2011-12. The Deferral Program provides benefits for qualifying seniors in respect of their homesteads. An answer to the questions presented in this case involves the facts of the case and the changing statutory provisions relating to the Deferral Program.

## II.   FACTS

The record reveals the following facts. Taxpayer and the department filed with the court a Stipulation of Facts on March 7, 2013.

Taxpayer has owned the subject property located at 870 Jev Ct. NW, Salem, Oregon, identified as Polk County account number 485601 since 1995 and lived in it as her primary homestead since October 2007.

Taxpayer initially applied for the Deferral Program on April 15, 2008, and was approved by the department on June 10, 2008, for the 2008-09 property tax year.

Sometime after taxpayer initially applied for and was approved for the Deferral Program, the department recorded an estimated lien against the subject property in the amount of $132,036 with the Polk County clerk.

Taxpayer remained eligible for the Deferral Program for the 2009-10 and 2010-11 property tax years, and her property taxes for those years were deferred.

In late June 2011 the department sent out a letter informing taxpayer (and other Deferral Program participants and new applicants) that the 2011 legislature had enacted some changes to the program's eligibility requirements that were made applicable to tax years beginning with the 2011-12 property tax year.

Prior to the changes made by the 2011 legislature, the relevant statute, ORS 311.670, provided in relevant part:

"(3)   There must be no prohibition to the deferral of property taxes contained in any provision of federal law, rule or regulation applicable to a mortgage, trust deed, land sale contract or conditional sale contract for which the homestead is security."

The changes made by the 2011 legislature to the Deferral Program disqualified from participation any property subject to a reverse mortgage or that had, for any year, not been the primary residence of the taxpayer for five years. HB 2543, Or Laws 2011, ch 723, § 16 (the 2011 legislation).

When this case began, the department had notified taxpayer of disqualification both by reason of the reverse mortgage on the property and by reason of the five-year residency rule, although at different times. During the pendency of this case, the 2012 legislature suspended the applicability of those parts of the 2011 legislation providing for disqualification of properties that were subject to reverse mortgages, at least as to certain properties. Or Laws 2012, ch 13, § 7(1)(a) (the 2012 legislation).

There is some difference of opinion between the parties as to whether the question of the validity of the reverse mortgage provisions is present in this case. The department says that question is moot in light of the 2012 legislation. Taxpayer, somewhat ironically, says she does not have the benefit of the 2012 legislation. She points to the fact that the 2012 legislation only protected properties that had been disqualified for the sole reason of a reverse mortgage. She then points out that the department has also argued that her property is disqualified because of the five-year residency rule found in the 2011 legislation.

However, the 2013 legislature acted to extend the suspension of the reverse mortgage rule to any property that had been in the Deferral Program prior to the 2011-12 tax year and for which, as occurred here, an application for recertification had been made within certain time limits. Or Laws 2013, ch 31 (HB 2489). The department has represented to this court that it considers taxpayer and her

property to be beneficiaries of this legislative rule and the court will, therefore, not address the question of the reverse mortgage.

The 2013 legislature fully revoked both the reverse mortgage and the five-year residency requirements and permitted persons and property disqualified by reason of either or both of those rules to reapply for participation in the Deferral Program for tax years beginning on or after July 1, 2014. *See* Or Laws 2013, ch 494 (HB 2510).[1]

Accordingly, in respect of the year at issue in this case, 2011-12, the only statutory provision at issue is that of disqualifying a property that has not been the homestead of the taxpayer for the requisite five-year period. It is important to observe that the issue in this case is only the qualification of the property of taxpayer for the 2011-12 tax year. The legislation at issue does not seek to alter the terms of the Deferral Program for earlier years or cause taxpayers to repay amounts previously deferred.

### III.   ISSUE

The first issue in this case is whether, under the 2011 legislation, taxpayer and her property qualify for participation in the Deferral Program for the 2011-12 year. If the answer to that question is in the negative, there remains a question of whether the changes made by the legislature in the Deferral Program and adversely affecting taxpayer are constitutional under the Oregon and federal constitutions.

### IV.   ANALYSIS

A.  *No Material Questions of Fact*

Notwithstanding the arguments of taxpayer as to the existence of questions of fact, the court is of the opinion that there are no material questions of fact outstanding. Disposition of the motion of the department can occur based on stipulated facts and those as to which no evidence has been introduced by taxpayer to raise a question of fact.

---

[1] Neither party asserts that the actions of the legislature in 2013 apply to or affect the analysis for the year at issue in this case.

The court also notes that many matters that taxpayer asserts are questions of fact relate to claims over which the court does not have jurisdiction.

B. *Application of 2011 Legislation to Taxpayer—The Contract Argument*

There appears to be little question, and taxpayer has not really argued otherwise, that the provisions of the 2011 legislation purport to apply to her and her property. ORS 311.670, as amended by section 3 of the 2011 legislation, provides that property will not be eligible for participation in the Deferral Program:

> "unless, at the time the claim is filed and during the period for which deferral is claimed:

> "(a) The property has been the homestead of the individual or individuals who file the claim for deferral for at least five years preceding April 15 of the year in which the claim is filed * * *."[2]

Under section 24 of the 2011 legislation, these amendments were effective for property tax years beginning on or after July 1, 2011. Accordingly, the amendments apply to eligibility of taxpayer and her property for the year at issue.

Applying the provisions of the 2011 legislation, the property in question had not been the homestead of taxpayer for at least five years, measured either from her original application or from the beginning of the 2011-12 tax year. Therefore, the property was not eligible for benefits under the Deferral Program for that year.

C. *Constitutionality of 2011 Legislation*

The primary attack of taxpayer on the 2011 legislation and its addition of a residency requirement is an argument that it breaches or impairs a contractual provision binding on the State of Oregon. In the view of taxpayer, her application and qualification for participation in the Deferral

---

[2] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2011.

Program for the 2008-09 tax year permanently committed the state to providing to her the benefits of the program so long as she and her property met the requirements in place at the time of her initial qualification. In short, the position of taxpayer is that, as to her, the legislature bound itself to the terms in place in the Deferral Program in the tax year 2008-09 and could not make such terms less advantageous to her thereafter by adding, for example, a five-year residency requirement for continued participation.

The claim by taxpayer that she is the beneficiary of a statutory contract is without merit. Although such contracts can come into being and be binding on the legislature, there must be an unambiguous expression of a legislative intention to create a contract. *Hughes v. State of Oregon*, 314 Or 1, 838 P2d 1018 (1992). In addition, the elements of a contract under traditional contract law analysis, including consideration, must also be present. *Hughes*, 314 Or at 14. That is also true in respect of the contract impairment restrictions found in the federal constitution. *General Motors Corp. v. Romein*, 503 US 181, 186, 112 S Ct 1105, 117 L Ed 328 (1992) (a state may, by contract based on a consideration, exempt property from taxation).

The court first addresses the requirement of consideration. "Consideration is defined as some right, interest, profit, or benefit to the promisor *** or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the promisee ***. *Shelley v. Portland Tug & Barge Co.*, 158 Or 377, 387, 76 P2d 477 (1938); *Cummings v. Central Oregon Bank et al.*, 110 Or 101, 103, 223 P 236 (1924). 'Benefit' means that the promisor has, in return for the promise, acquired some legal right to which he or she would not otherwise have been entitled. *Shelley*, 158 Or at 388. 'Detriment' means that the promisee has, in return for that promise, forborne some legal right that he or she would otherwise have been entitled to exercise." *Emmert v. No Problem Harry, Inc.*, 222 Or App 151, 192 P3d 844 (2008).

Taxpayer can point to no consideration—something given by her that she otherwise had no obligation to give— that would support a promise of continued participation

in the Deferral Program on unchanging terms. Taxpayer appears to have alleged that the payment by the state to the county of property tax due on her property—the basic mechanism of the Deferral Program—is consideration. It most certainly is not consideration supporting enforcement of supposed obligations of the state, for the simple reason that it is something the state does for the benefit of taxpayer and not vice versa.

Taxpayer has also argued that consideration exists in the creation of a lien under the Deferral Program, to secure repayment to the state of amounts paid by the state to the county on her behalf. However, for that to be consideration, such a lien would have to be something that would not have occurred if taxpayer had not participated in the Deferral Program and had not paid taxes due on her property.

The court notes here that discussion of promises by or benefits to the taxpayer individually are somewhat complicated here as the obligation to pay property taxes on residences is an *in rem* obligation rather than a personal obligation. *Douglas County v. Smith*, 18 OTR 450, 453-54 (2006). A taxpayer owning a residence has no personal liability to pay property tax, but failure to do so can lead to collection of tax amounts due by way of foreclosure of statutory liens securing payment of property tax.[3]

With this in mind, it is clear that the existence of a lien to secure payment of tax not paid when otherwise due, a feature of the Deferral Program, did not involve taxpayer subjecting herself or her property to any detriment that would not otherwise have occurred. If taxpayer had not participated in the Deferral Program but, to keep the analysis parallel, had not paid the property tax when due, a lien would have been in existence under the statutes to secure ultimate payment of the tax that had not been paid. ORS 311.405(2) (property taxes shall be a lien as of July 1 of the year they are levied). In short, taxpayer was in no worse a position under the Deferral Program than she otherwise would have

---

[3] In some situations involving wastage, however, a taxpayer may be personally liable for causing the value of real property subject to a lien for unpaid property taxes to fall below the amount necessary to satisfy the lien. *See* ORS 311.420.

been, if, as is allowed under the Deferral Program, she did not in fact pay property tax when due.[4]

The cases in Oregon that have recognized the existence of a statutory contract on which taxpayer relies have, unlike what is true for taxpayer, involved easily identified consideration. In the cases arising in respect of the Public Employee Retirement System, the promises of the state enforced by the courts were supported by consideration in the form of the work performed by the employees of the state. In the case of *Eckles v. State of Oregon*, 306 Or 380, 760 P2d 846 (1988), the parties seeking to enforce a statutory contract had made monetary payments into an industrial accident fund, the terms governing which had allegedly been violated. Taxpayer can point to no action on her part here that is in any way comparable to the consideration present in those cases. Unlike the situations in the public pension and workers compensation cases, where the nonstate parties acted in reliance on and for the benefit of the state (through performance of services or participation in an insurance program), taxpayer can point to no way in which the state benefited from her alleged reliance on the alleged promise of the state.

As to the alleged promise, there is, in the statutory provisions of the Deferral Program, no clear and unequivocal indication that a prior legislature intended to bind the hands of future legislatures and prevent them from making changes in the qualification conditions. Taxpayer has pointed to no statutory language in the Deferral Program or its legislative history indicating that the legislature that initiated the program or those that changed it over the years intended to bind future legislatures.

---

[4] Indeed, in some respects taxpayer is in a better position than would be the case under the general lien rules and the provisions for foreclosure of such liens. The general lien is subject to foreclosure after only the passage of time whereas foreclosure under the Deferral Program does not occur until the duty to repay has been triggered by events such as death or sale of the property. *Compare* ORS 312.010 and ORS 311.686. Taxpayer at one point noted that the lien amount is for an estimated amount of total deferral rather than just the amount advanced at any given point in time. However, under the Deferral Program the state could in no event collect more than amounts actually advanced together with interest, and there would be no possibility of a deficiency judgment. *See* ORS 311.679(6)(a) and ORS 88.070(1)(a).

Taxpayer and, undoubtedly, many others wish it were otherwise. The court is not unmindful of the difficulties presented by the 2011 legislation for many senior citizens. Indeed the legislature itself made changes to that legislation in response to the objections of many seniors. However, the legislature was not bound to leave the Deferral Program untouched or unchanged. Nor did the 2011 legislature undertake to gratuitously make adverse changes to the program. The legislative history of the 2011 legislation makes clear that the demand for benefits under the program was simply outstripping the assets available to the program.[5]

D.  *Disposition of Claims*

Any claims of taxpayer based upon an argument that the actions of the Oregon Legislature or the department constitute impairments or breaches of contract under either the Oregon Constitution or the United States Constitution are dismissed, for the reason that no statutory contract between taxpayer and the state existed. This ruling includes the claim of taxpayer with respect to the calculation of interest on amounts deferred.[6]

Any claim that the 2011 legislature actions effective on September 29, 2011, but made applicable to tax years beginning on or after July 1, 2011, were impermissibly retroactive are dismissed. Even if such an effective date for legislation makes the legislation modestly retroactive, which is not decided here, such retroactivity is not proscribed by any constitution. *ARCO v. Dept. of Rev.*, 14 OTR 212, 217-20 (1997) (citing *United States v. Carlton*, 512 US 26, 114 S Ct 2018, 129 L Ed 2d 22 (1994)), *aff'd*, 327 Or 144, 958 P2d 840 (1998).

Any claims based on the Due Process Clause of the Fourteenth Amendment to the United States Constitution are denied. No procedural due process limitation has been

---

[5] The court recognizes that taxpayer has alleged that the financial position of the Deferral Program was the product of unlawful action by government actors. Such a claim is, however, not one over which this court has jurisdiction as it does not arise under the tax laws of the state. ORS 305.410.

[6] The court notes that the legislative change calling for interest to be compounded annually was applicable only to amounts advanced for tax years beginning on or after July 1, 2011. *See* Or Laws, 2011, ch 723, § 24(2).

violated. The jurisprudence of substantive due process does not extend into the area of taxation by the states, at least on the facts of this case.

Any claim based on the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution is denied. No classification based on a suspect category or a fundamental right is implicated. Taxpayer does not appear to raise any claim under Article I, section 20, of the Oregon Constitution and no such claim, if raised, is meritorious given that taxpayer and the class to which she claims to belong are the recipients of benefits not available to others, subject to meeting program conditions.

Any claim requesting money damages or requesting declarations or injunctions regarding fund transfers, maintenance or breach of fiduciary duty are denied as being beyond the jurisdiction of this court under ORS 305.410.

## V.   CONCLUSION

The motions of the department are granted in all respects. All claims of taxpayer are dismissed. Now, therefore,

IT IS ORDERED that Defendant's motion for summary judgment is granted; and

IT IS FURTHER ORDERED that Plaintiff's cross-motion for summary judgment is denied.